MATTER OF K—

In DEPORTATION Proceedings

A-11363561

*Decided by Board June 15, 1962*

Section 249 application—Reconsideration—Previous denial and entry of order
of deportation prior to January 22, 1962.

As stated in the Federal Register of December 19, 1961, pp. 12110 and 12111,
in connection with the regulations to become effective January 22, 1962, de-
cisions by district directors and regional commissioners under section 249
(as well as other specified sections) are final in all cases where (1) the
unreversed determination was made prior to January 22, 1962, in accordance
with the then existing regulations, and (2) a finding of deportability was
made by a special inquiry officer prior to said date. An alien is not entitled
to renew such application under section 249 which was determined prior to
January 22, 1962, or to have any such decision reconsidered, in accordance
with the amended provisions of Part 242, unless he can establish that he is
in possession of material, newly discovered evidence which could not have
been presented for consideration at the time of the prior adjudication. In
this case, the determination of the 249 application and the finding of de-
portability were made prior to January 22, 1962; there is no offer of newly
discovered evidence. Hence, the motion to reconsider and reopen under
8 CFR 3.2 is denied.

CHARGE:

Order: Act of 1952—Section 241(a)(1) [8 U.S.C. 1251(a)(1)]—Excludable
at time of entry—Quota immigrant not in possession of visa.

BEFORE THE BOARD

DISCUSSION: The respondent is a native and citizen of China,
47 years old, male, who last entered the United States at the port
of San Francisco, California, on January 16, 1949, and was admitted
by falsely representing himself to be a United States citizen. He
had first been admitted to the United States on November 16, 1934,
under the assumed identity of the son of a United States citizen. He
departed from the United States on March 22, 1941, and returned
as indicated above. In 1951 and 1953 he filed visa petitions on
behalf of his wife and 4 sons for nonquota status as the wife and
children, respectively, of a United States citizen. On May 21, 1953,
he falsely swore before an immigration officer that he was a United

715

States citizen and the father of 4 sons. On May 20, 1957, the respondent confessed his alienage, admitted he had but 2 sons and admitted the commission of perjury in connection with his false statement on May 21, 1953. On July 25, 1958, the Board dismissed his appeal from the order of deportation of the special inquiry officer on June 18, 1958, finding he was precluded from establishing good moral character under sections 101(f)(3) and (6) of the Immigration and Nationality Act. The respondent thereafter made application for registry pursuant to section 249 of the Act and on May 13, 1960, the Regional Commissioner, San Pedro, California, dismissed the appeal from the decision of the District Director, San Antonio, Texas, dated April 19, 1960, solely on the ground that the applicant was inadmissible under section 212(a)(9), admission of the commission of perjury.

The motion for reopening and reconsideration is based on the ground that the respondent believes the Regional Commissioner herein applied an erroneous rule of law in denying registry under section 249 of the Immigration and Nationality Act. It is set forth that the motion is addressed to the Board of Immigration Appeals in view of the fact that respondent has been ordered deported and the Board now has jurisdiction in this matter.

The Acting District Director, San Antonio District, by memorandum dated February 20, 1962, addressed to this Board, asserts that the motion should be denied on the ground of lack of appellate jurisdiction for the reasons that the Board does not have authority to reopen and reconsider an order of the regional commissioner denying an application under section 249 of the Immigration and Nationality Act and regulations thereunder; that 8 CFR 3.2 states that the Board may reconsider its own decisions and that decisions of the Commissioner in certain enumerated types of proceedings may be regarded as the Board's decisions for the purpose of this rule, but that none of the Commissioner's decisions so described involve 8 CFR, Part 249; that it is nowhere provided that jurisdiction over Part 249 cases, formerly delegated to regional commissioners, has been transferred to the Board in the same way as Commissioner's decisions, pursuant to the last sentence of 8 CFR 3.2; that the appellate authority of the Board is limited to the category of cases listed in 8 CFR 3.1(b), which does not include section 249 cases; that the Board has jurisdiction over section 249 applications only upon a review of an order by a special inquiry officer made pursuant to section 242 and regulations thereunder; that denial of a proceeding under 8 CFR, Part 249, by a district director is final unless an appeal is filed in which event, if the denial order is affirmed by the regional commissioner having appellate jurisdiction, the order becomes final and not appealable; that when an alien renews a sec-

tion 249 application in deportation proceedings, as provided in 8 CFR 249.2 and 8 CFR 242.17(a), the record and decision which the Board has authority to review on appeal pursuant to 8 CFR 3.1(b)(2) and 8 CFR 242.21 are the record and decision of the special inquiry officer, not those of the district director and the regional commissioner.

The motion to reopen and to reconsider sets forth that the decision of the Regional Commissioner is erroneous as a matter of law on the following grounds: (1) that the admission of perjury was not effective because retraction prior to exposure avoids perjury; (2) that the respondent has not made an effective admission of the commission of the crime of perjury for the reason that an adequate definition of perjury in understandable terms was not given and that all the essential elements were not admitted, in that, there was no admission by the alien that the immigration officer was duly authorized to administer an oath or that the alien's testimony was material; (3) that the offense of perjury allegedly committed in 1953 was barred by a 5-year statute of limitations, 18 U.S.C. 3282, and that admission of an offense barred by the statute of limitations should not support inadmissibility.

The memorandum of the District Director maintains that there was a valid and binding admission of the commission of the crime of perjury. At oral argument the Service representative rested his argument upon lack of jurisdiction in the Board to reconsider the denial of the registry application. Counsel has filed a supplemental memorandum, citing 8 CFR 3.8, which he contends clearly contemplates that the Board, as distinguished from the district director and the regional commissioner, shall have authority to reconsider a matter for an error of law. We shall dispose of the jurisdictional issue first.

The appellate jurisdiction of the Board of Immigration Appeals is set forth in section 3.1(b), Title 8 CFR, which provides that appeals shall lie to the Board from the following:

(1) Decisions of special inquiry officers in exclusion cases, as provided in Part 236 of 8 CFR.
(2) Decisions of special inquiry officers in deportation cases, as provided in Part 242.
(3) Decisions on applications for the exercise of the discretionary authority contained in section 212(c) of the Act, as provided in Part 212.
(4) Decisions involving administrative fines and penalties, including mitigation thereof, as provided in Part 280.
(5) Decisions on petitions filed in accordance with section 205 of the Act or decisions revoking the approval of such petitions in accordance with section 206 of the Act, as provided in Parts 205 and 206.
(6) Decisions on applications for the exercise of the discretionary authority authorized in section 212(d)(3) of the Act, as provided in Part 212.
(7) Determinations relating to bond, parole, or detention of an alien, as provided in Part 242.

717

The subject of reopening or reconsideration is dealt with in section 3.2 of Title 8 CFR. It provides in pertinent part that motions to reopen in deportation proceedings should not be granted unless it appears to the Board that the evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing. Section 3.8(a), Title 8 CFR, states that motions to reopen shall state the new facts to be proved and shall be supported by affidavits or other evidentiary material and that motions to reconsider shall state the reasons upon which the motion is based and shall be supported by such precedent decisions as are pertinent. Section 3.2, Title 8 CFR, states that for the purpose of this section, any final decision made by the Commissioner prior to the effective date of the Act with respect to any case within the classes of cases enumerated in section 3.1(b)(1), (2), (3), (4), or (5) shall be regarded as a decision of the Board.

The regulations, 8 CFR 3.2 and 8 CFR 3.8, contemplate that a motion to reopen or to reconsider a previous Board decision will lie for newly discovered evidence or for errors of law.[1] The seven categories embracing the Board's jurisdiction are set forth in 8 CFR 3.1(b). The second category, a decision of the special inquiry officer in deportation proceedings as provided in Part 242, is involved in the present motion. Part 242, as amended,[2] provides that applications under sections 243(a), 243(h), 245 and 249 of the Act may be made, or if previously denied by the district director, may be renewed under Part 242. However, there appears on pages 12110 and 12111 of the Federal Register of December 19, 1961, a recapitulation of the miscellaneous amendments to the various parts of Title 8 CFR, which thereafter follow, the last paragraph preceding the amendment to Part 103 reading as follows:

In addition to the amendatory regulations which are set out below and are hereby adopted, determinations by district directors under section 243(a) of the Act, decisions by regional commissioners under sections 243(h), 245, and 249 of the Act, and decisions by district directors under sections 245 and 249 of the Act which have not been appealed or certified shall be final in all cases where (1) the determination or decision has been made prior to January 22, 1962, in accordance with the regulations then in effect, and (2) a finding of deportability has been made by a special inquiry officer prior to said date; and the alien shall not be entitled to have any such determination or decision by the district director or regional commissioner reconsidered in accordance with the amended provisions of Part 242 unless he can establish that he is in possession of evidence which is material and which by due diligence could not have been discovered and presented for consideration at the time of the prior adjudication.

In the present case the decision of the Regional Commissioner, San Pedro, California, affirming the decision and order of the District

[1] Gordon and Rosenfield, *Immigration Law and Procedure*, p. 49.
[2] 26 F.R. 12110–12114 (December 19, 1961, effective January 22, 1962).

718

Director solely on the ground that the applicant was inadmissible under section 212(a) (9), perjury, and was, therefore, precluded from adjustment sought under section 249 of the Immigration and Nationality Act, was entered May 13, 1960. The decision of the District Director denying the application for status as a permanent resident under section 249 was dated April 19, 1960, after consideration of a brief filed by the then counsel contesting the admission of the crime of perjury, citing *Matter of R—R—*, 3—823, the same administrative decision cited by present counsel in his motion. The same point of law was raised previously and was decided against the alien.[3] No case has been cited for the proposition that a statute of limitations applies to admissions of the commission of a crime and the immigration law does not prescribe any.

The determination of the section 249 application was rendered prior to January 22, 1962. It could not be renewed in accordance with the amended provisions of 8 CFR Part 242, unless new and material evidence, previously not available, was presented. The language quoted above sets forth a statement of administrative finality for determinations on decisions specified therein which were rendered prior to January 22, 1962, unless the possession of newly discovered evidence can be shown. None has been offered in the present motion. The motion to reconsider and reopen under 8 CFR 3.2, as amended, will be denied.

ORDER: It is ordered that the motion be and the same is hereby denied.

---

[3] We are not persuaded there was any error in the previous decision. *Matter of R—R—*, 3—823, involved a retraction on the following day; *Matter of G—M—*, 7—40, is not applicable; here the alien admitted he had been sworn. Cf. *United States ex rel. De La Fuente* v. *Swing*, 146 F. Supp. 648, aff'd 239 F.2d 759 (C.A. 5, 1956), as to admission of essential elements of perjury: (1) the taking of an oath when the law authorizes an oath to be administered; (2) to testify truly; (3) willfully and contrary to such oath making a false statement; (4) as to a material fact; (5) which he did not believe to be true; not necessary to understand the *legal* definition of perjury.