Roberto GUTIERREZ–ALCARAZ, aka Roberto Alcaraz–Gutierrez, Petitioner,

v.

Michael B. MUKASEY,* Attorney General, Respondent.

No. 04–73246.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 6, 2007 **.

Filed Dec. 20, 2007.

Ginger E. Jacobs, Esq., David A. Schlesinger, Esq., Guerrero Jacobs & Schlesinger LLP, San Diego, CA, for Petitioner.

District Director, Office of the District Counsel, Department of Homeland Security, San Diego, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Kurt B. Larson, Esq.,

---

* Pursuant to Rule 43(c)(2) of the Federal Rules of Appellate Procedure, Michael B. Mukasey is substituted for Peter D. Keisler as respondent.

** The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Luis E. Perez, Esq., Stacy S. Paddack, DOJ–U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: BOWMAN,[***] BRUNETTI, and BYBEE, Circuit Judges.

## MEMORANDUM [****]

Roberto Gutierrez–Alcaraz, a native and citizen of Mexico, petitions for review of the BIA's denial of his motion to reopen as untimely. He contends the BIA committed legal error in deciding that Petitioner is not entitled to equitable tolling of the 90–day limitations period imposed by 8 C.F.R. § 1003.2(c)(2). We grant the petition.

"This court . . . recognizes equitable tolling of deadlines and numerical limits on motions to reopen . . . during periods when a petitioner is prevented from filing because of deception, fraud, or error, as long as the petitioner acts with due diligence in discovering the deception, fraud, or error." *Iturribarria v. INS*, 321 F.3d 889, 897 (9th Cir.2003). The Government does not directly contest Petitioner's contention that this test is satisfied by the deceptive conduct of Petitioner's former counsel, Thomas Mix, after the BIA issued its decision denying Petitioner's direct appeal. Nor does the Government contest the fact that, if equitable tolling were applied, Petitioner's motion to reopen was timely.

Rather, the Government's sole contention is that the BIA properly applied a third requirement that is not satisfied here: that "the evidence proffered to excuse the untimely filing of the motion to reopen was material to the underlying deportation proceeding or to any form of relief from deportation within the jurisdiction of the Board." The Government notes that "[t]he Board is required to deny a motion to reopen if it appears that the new evidence or argument presented is not material to a claim or issue properly before the Board," citing 8 C.F.R. § 1003.2(c)(1) and *Matter of K-*, 9 I. & N. Dec. 715, 716 (BIA 1962). From this it argues that Petitioner's former attorney's deceitfulness in the handling of Petitioner's prior petition for review before this Court cannot be grounds for equitable tolling because "this new evidence" does not "entitle[ ] him to or render him eligible for relief from deportation."

The Government's argument is without merit. The only materiality required for equitable tolling of the 90–day deadline for motions to reopen is that the petitioner "is prevented from filing [the motion] because of deception, fraud, or error." *Iturribarria*, 321 F.3d at 897. We have never required that the grounds for equitable tolling also constitute grounds for relief from deportation. Quite the contrary, we have repeatedly required equitable tolling despite the fact that the grounds for substantive relief were entirely separate from the grounds for equitable tolling. *See, e.g., Ray v. Gonzales*, 439 F.3d 582, 588–590 (9th Cir.2006); *Rodriguez–Lariz v. INS*, 282 F.3d 1218, 1222–24 (9th Cir.2002); *Lopez v. INS*, 184 F.3d 1097, 1100 (9th Cir. 1999).

We decline to entertain the Government's arguments regarding the viability of Petitioner's ineffective assistance claims

---

[***] The Honorable Pasco M. Bowman, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

[****] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

that constitute the merits of the motion to reopen. After *INS v. Orlando Ventura,* 537 U.S. 12, 17, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002), we must remand to the BIA to consider the merits of the motion to reopen in the first instance, "[w]hatever merit there may be to [petitioner's underlying] ineffective assistance claim," *Ghahremani v. Gonzales,* 498 F.3d 993, 1000–01 (9th Cir.2007). *Accord Ray,* 439 F.3d at 590–91.

**PETITION GRANTED; REMANDED.**