**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

JAIB SINGH RAY,

             *Petitioner,*

v.

ALBERTO R. GONZALES, Attorney
General,

             *Respondent.*

No. 03-72501

Agency No.
A75-306-989

OPINION

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted
September 15, 2005—San Francisco, California

Opinion withdrawn February 23, 2006

Filed March 1, 2006

Before: Betty B. Fletcher, John R. Gibson,* and
Marsha S. Berzon, Circuit Judges.

Opinion by Judge Betty Binns Fletcher

---

*The Honorable John R. Gibson, Senior United States Circuit Judge for
the Eighth Circuit, sitting by designation.

## COUNSEL

Abbe M. Goncharsky, Lewis and Roca LLP, Tucson, Arizona, for the petitioner.

Kristin Cabral, United States Department of Justice, Civil Division, Office of Immigration Litigation, Washington, D.C., for the respondent.

## OPINION

B. FLETCHER, Circuit Judge:

Jaib Singh Ray, a native and citizen of India, seeks asylum in the United States. An immigration judge (IJ), however, denied Ray's application for asylum, and the Board of Immigration Appeals (BIA) summarily affirmed the IJ's decision because Ray failed to file a brief on appeal. Ray submitted to the BIA two motions to reopen his case, and the BIA denied both of these motions on procedural grounds. Ray now petitions for review of the BIA's decision to deny his second motion to reopen.

We have jurisdiction to review the final order of the BIA under 8 U.S.C. § 1252. We grant Ray's petition, and we

remand with instructions for the BIA to consider the merits of his first motion to reopen.

## I.

Ray entered the U.S. without inspection at Brownsville, Texas, on January 17, 1997. Two months later, on March 17, 1997, Ray applied for asylum. In June of 1998, he appeared with his attorney, Jang Im, from the Law Offices of Madan Ahluwalia, for a hearing on the merits of his asylum application. At his hearing, Ray testified in the Punjabi language through an interpreter. He claimed that he had experienced past persecution and feared future persecution at the hands of the Indian government because of his participation in an organization called Akali Dal, a Sikh separatist group whose political objective is the establishment of an independent state called Khalistani. At the conclusion of the hearing, the IJ found that Ray's testimony was not credible and denied his application for asylum and for restriction on removal. The IJ ordered Ray removed to India.

Ray filed a timely notice of appeal with the BIA in which he stated he would later file a brief in support of his appeal. The notice of appeal did not indicate that Ray was represented by an attorney and provided only Ray's home address as contact information. It did, however, contain a typewritten list of the reasons for the appeal. The list was written in English, reflecting at least some legal expertise and suggesting the preparer's familiarity with asylum law, though it did not include a specific objection to the IJ's adverse credibility determination.

Nearly one year later, the BIA sent a briefing schedule to Ray's home address. The BIA never received a brief in support of Ray's appeal and, as a result, dismissed the appeal. Although the BIA explicitly stated that it was summarily affirming the IJ's decision because of Ray's procedural default, the opinion also stated that, "upon review of the

record, we are not persuaded that the Immigration Judge's ultimate resolution of this case was in error."

Ray subsequently retained another attorney, Anthony Egbase, to help with the case. Though there is some dispute about the exact date of retention, the record makes it apparent that Ray arranged for Mr. Egbase's representation only four days after he learned that the BIA had dismissed his appeal,[1] well in advance of both the thirty-day deadline to file a motion for reconsideration (April 17, 2002) and the ninety-day deadline to file a motion for reopening (June 17, 2002). *See* 8 C.F.R. § 3.2(b)(2) (2002) (motion to reconsider); *id.* § 3.2(c)(2) (motion to reopen). Nonetheless, both deadlines passed without any action by Mr. Egbase.

Then, on June 18, 2002 — one day after the deadline to file a motion to reopen — Mr. Egbase filed a "Motion to Vacate Order Dismissing Appeal and Motion Requesting Time to File Brief in Support of Appeal." The BIA initially rejected the motion because Mr. Egbase failed to include the required filing fee or request a waiver of the fee. Mr. Egbase resubmitted the motion on June 25, 2002, along with the necessary fee.

In this first motion to reopen, Ray claimed that his first attorney — Jang Im, from the Law Offices of Madan Ahluwalia — was responsible for failing to file the brief on appeal. He stated that he had retained the Law Offices of Madan Ahluwalia "to file an appeal on my behalf." He declared that

---

[1]In a formal declaration before the BIA, Mr. Egbase stated that he was not retained by Ray until a later date, "on or about April 10, 2002." Ray claims that he retained Egbase on March 18, 2002. In support of his contention, Ray submitted a copy of his retainer agreement with Egbase and proof of payment to Mr. Egbase in the amount of $1500, both of which were dated March 18, 2002. In addition, the record indicates that Mr. Egbase signed, dated, and filed a Notice of Appearance on Ray's behalf on March 18, 2002. In light of these numerous supporting documents, we are persuaded that Ray had retained Mr. Egbase as counsel within four days of learning that the BIA had denied his appeal.

it would have been impossible for him to represent himself before the BIA because he was not sufficiently proficient in the English language. He stated that he was "shocked" when he received the BIA's notice that his appeal had been dismissed and that he immediately contacted Mr. Im's office, only to find that the firm had moved and had left no forwarding address. This first motion to reopen also contained a declaration from Mr. Egbase stating that it took nearly two months to track down Ray's files from the erstwhile attorneys at Madan Ahluwalia's Law Offices.

On September 23, 2002, the BIA denied Ray's first motion to reopen on procedural grounds.[2] The BIA's opinion discussed both Ray's failure to file his brief on appeal and his failure to submit his motion to reopen in a timely fashion. The decision concluded by noting that, "despite consulting with counsel, the pending motion was filed late."[3] The BIA sent its decision to Mr. Egbase on September 23, 2002.

---

[2]The BIA's ruling mentions the issue of ineffective assistance of counsel, yet it does not adequately address that claim on the merits. The decision notes Ray's claim that "prior counsel was incompetent because prior counsel failed to file a brief with this Board," but it then states that the prior attorney's incompetence provides "no basis for abrogating the motions deadline here." Likewise, the decision notes that Ray "blames an attorney for not filing a brief," but it denies the motion because Ray did not "act[ ] with due diligence" in bringing his motion to reopen. Thus, while the BIA's decision *mentions* the ineffective assistance of counsel claim, it does not *adjudicate* the claim; instead, it denies the motion to reopen because of its untimeliness.

[3]The BIA's decision demonstrates considerable confusion about the nature of Ray's motion. Mr. Egbase had labeled the pleading as a "motion to vacate." The BIA decided to analyze the pleading as a motion to reconsider rather than a motion to reopen. The BIA mistakenly reasoned that Ray's ineffective assistance of counsel claim did not involve the introduction of new facts, and was thus "more properly characterized as a motion to reconsider."

This analysis was erroneous. The BIA's treatment of the motion was directly contrary to our holding in *Ontiveros-Lopez v. INS*, 213 F.3d 1121 (9th Cir. 2000). In *Ontiveros-Lopez*, we explained that a motion to the

More than four months after the BIA denied his first motion, Ray obtained the help of an immigration consultant and filed a second motion to reopen. In this pleading — filed February 10, 2003 — Ray claimed that the BIA had abused its discretion in denying his first motion to reopen because Mr. Egbase had provided him with ineffective assistance of counsel, and he renewed his contention that he had been denied due process in his original appeal because of the ineffective assistance of Mr. Im, from the Law Offices of Madan Ahluwalia. In support of his second motion to reopen, Ray attached significant evidence of the ineffective assistance of Mr. Egbase. This evidence included proof that Ray had retained Mr. Egbase just four days after the summary dismissal of his direct appeal, that Mr. Egbase had taken no action until after the deadlines for reopening and reconsideration had passed, and that Mr. Egbase had failed initially to

---

BIA raising an ineffective assistance of counsel claim is properly construed as a motion to reopen. *Id.* at 1123. Despite this clear and binding precedent, the BIA stated that our holding in *Ontiveros-Lopez* was "without analysis" and proceeded to treat Ray's pleading as a motion to reconsider anyway. We pause here only to refute the BIA's assertion. The logic of *Ontiveros-Lopez* is clear: a claim of ineffective assistance *by its very nature involves the introduction of new facts on appeal*, which is why such claims should be construed as a motion to reopen. *See Iturribarria v. INS*, 321 F.3d 889, 896 (9th Cir. 2003) (noting that "a motion to reopen is the only avenue ordinarily available to pursue ineffective assistance of counsel claims"). *Cf. United States v. Wagner*, 834 F.2d 1474, 1482 (9th Cir. 1987) (explaining that the "customary procedure in this Circuit for challenging the effectiveness of defense counsel" is to go through a collateral proceeding because "usually such a claim cannot be advanced without the development of facts outside the original record" (quoting *United States v. Schaflander*, 743 F.2d 714, 717 (9th Cir. 1984) (per curiam), *cert. denied*, 470 U.S. 1058 (1985), and *United States v. Birges*, 723 F.2d 666, 670 (9th Cir.), *cert. denied*, 466 U.S. 943 (1984)).

Ultimately, however, the BIA's erroneous analysis in this case was immaterial. Because Ray's motion was submitted more than ninety days after the BIA dismissed his appeal, the BIA found that it was "untimely filed" whether it was construed as a motion to reconsider or a motion to reopen.

submit the first motion to reopen properly. Ray also demonstrated that he had paid Mr. Egbase more than $5000 between March and June of 2002 for untimely and inadequate assistance.

Moreover, Ray's second motion to reopen presented evidence of the ineffective assistance of yet another attorney, Martin Guajardo, whom Ray hired in August of 2002 (just prior to the denial of his first motion to reopen). Ray submitted evidence that he had hired Mr. Guajardo — who has been disciplined by the California State Bar three times — and paid him a total of $10,000 for legal assistance. According to Ray, Mr. Guajardo provided no legal assistance at all. Finally, Ray provided copies of complaints he filed with the California State Bar against both Mr. Egbase and Mr. Guajardo.[4] He requested that the BIA reopen his case due to the "negligence and inadequate representation [of] those attorneys."

The BIA denied Ray's second motion to reopen as untimely and numerically barred. The BIA's paragraph-long decision stated: "The respondent argued again in the instant motion that he should be granted a new hearing based upon the negligence of his former attorney." Yet the opinion did not directly address Ray's ineffective assistance of counsel arguments. Further, the opinion did not distinguish between

---

[4]Ray further alleged that both of these attorneys made promises to him that they "knew judges" and implied to him that they would be able to obtain a favorable outcome by exercising their influence with the immigration judge. As to Mr. Egbase, Ray claimed that he had been assured by Mr. Egbase that he "knew judges that would grant his motion." As to Mr. Guajardo, Ray claimed that the attorney had "stated that he knew judges and could take care of this problem" but instead "has done nothing but give me additional appointments and state that he will take care of it through his high level contacts." While these are only allegations made by the petitioner, the BIA failed even to address them in its decision denying Ray's motion to reopen, lending further support to our conclusion that the BIA abused its discretion in refusing to reopen the case. We express no opinion on the truth of these allegations, nor do we rely on them for our conclusions.

Ray's underlying claim of ineffective assistance (involving the failure of the Law Offices of Madan Ahluwalia to submit a brief on direct appeal) and his subsequent and independent claim of ineffective assistance (involving the failures of Mr. Egbase and Mr. Guajardo to assist Ray in having the case reopened). Without any recognition that Ray's second motion to reopen was different in substance from the first, the BIA explained that its regulations did not permit multiple motions to reopen and that Ray had failed to request timely reconsideration of its decision to deny his first motion to reopen. The BIA thus concluded that Ray had failed to comply with both the numerical and temporal restrictions on motions to reopen, and it denied his second motion.

Appearing *pro se*, Ray filed with the Ninth Circuit a timely petition for review of his second motion to reopen. We review the BIA's decision for abuse of discretion. *See Singh v. Ashcroft*, 367 F.3d 1182, 1185 (9th Cir. 2004).

## II.

Because a deportation hearing is a civil proceeding involving non-citizens, aliens involved in such proceedings do not enjoy the full panoply of constitutional rights that American citizens would enjoy in a criminal proceeding. *See INS v. Lopez-Mendoza*, 468 U.S. 1032, 1038-39 (1984) (describing various constitutional protections unavailable in immigration proceedings). For example, aliens involved in deportation proceedings do not enjoy the Sixth Amendment's guarantee of an attorney's assistance at the government's expense. *See Lara-Torres v. Ashcroft*, 383 F.3d 968, 973 (9th Cir. 2004).

**[1]** Yet aliens are not without representational rights. Federal law guarantees an alien the right to obtain counsel of his own choice in "any removal proceedings before an immigration judge," 8 U.S.C. § 1362, and we have explained that this statutory provision stems from a constitutional guarantee of due process, *see Rios-Berrios v. INS*, 776 F.2d 859, 862

(1985). *See also Iturribarria v. INS*, 321 F.3d 889, 899 (9th Cir. 2003) ("In deportation proceedings, an alien's right to be represented by counsel is based on the due process guarantees of the Fifth Amendment."). Further, this Circuit has long recognized that an alien's due process right to obtain counsel in immigration matters also includes a right to *competent representation* from a retained attorney. Because due process requires more than the formal *availability* of counsel, we have held that an alien is denied due process when his attorney provides ineffective assistance. *See, e.g.*, *Rodriguez-Lariz v. INS*, 282 F.3d 1218, 1226-27 (9th Cir. 2002); *Castillo-Perez v. INS*, 212 F.3d 518, 525-26 (9th Cir. 2000); *see also Lopez v. INS*, 775 F.2d 1015, 1017 (9th Cir. 1985). "Ineffective assistance of counsel in a deportation proceeding is a denial of due process under the Fifth Amendment if the proceeding was so fundamentally unfair that the alien was prevented from reasonably presenting his case." *Lopez*, 775 F.2d at 1017.

**[2]** In order to establish a valid due process claim for ineffective assistance of counsel, an alien must also clear several hurdles, both substantive and procedural. First, the alien must demonstrate that the attorney's deficient performance was prejudicial. *See Iturribarria*, 321 F.3d at 903 (concluding that an attorney's "flawed" performance did not provide a basis for a due process claim because the alien could not "demonstrate that counsel's alleged malfeasance prejudiced his claim for relief"). "[W]here an alien is prevented from filing an appeal in an immigration proceeding due to counsel's error, the error deprives the alien of the appellate proceeding entirely." *Dearinger ex rel. Volkova v. Reno*, 232 F.3d 1042, 1045 (9th Cir. 2000). In cases involving such error, the proceedings are subject to a " 'presumption of prejudice,' " *id.* (quoting *Roe v. Flores-Ortega*, 528 U.S. 470, 483 (2000)), and we will find that a petitioner has been denied due process if he can demonstrate " 'plausible grounds for relief' " on his underlying claim, *id.* at 1046 (quoting *United States v. Jiminez-Marmolejo*, 104 F.3d 1083, 1086 (9th Cir. 1996)). *See also Siong v. INS*, 376 F.3d 1030, 1037-38 (9th Cir. 2004). By

contrast, where counsel's performance was inadequate but the petitioner still had an opportunity to present his claim, "[p]rejudice is found when the performance of counsel was so inadequate that it may have affected the outcome of the proceedings." *Ortiz v. INS*, 179 F.3d 1148, 1153 (9th Cir. 1999).

An alien generally must also meet several procedural requirements that are unique to the immigration context. In *Matter of Lozada*, 19 I. & N. Dec. 637 (BIA 1988), the BIA held that an alien alleging ineffective assistance of counsel must: (1) submit an affidavit demonstrating and explaining his agreement with prior counsel regarding legal representation, (2) submit evidence that he has informed prior counsel of the allegations of ineffective assistance and provided the attorney with an opportunity to respond, and (3) file a complaint against the attorney with proper disciplinary authorities or explain why such a complaint has not been filed. *Id.* at 639. We have approved these so-called *Lozada* requirements, *see Ontiveros-Lopez*, 213 F.3d 1121, 1123 (9th Cir. 2000), but we have also cautioned that these requirements "are not sacrosanct," *Castillo-Perez*, 212 F.3d at 525. While these procedural requirements serve important policy goals — such as ensuring that a legitimate claim actually exists and developing an adequate factual basis for the BIA to adjudicate the claim, *see id.* at 526 — we have not hesitated to address ineffective assistance of counsel claims even when an alien fails to comply strictly with *Lozada*. *See, e.g.*, *Rodriguez-Lariz*, 282 F.3d at 1227 (noting that the *Lozada* requirements "are not rigidly applied, especially when the record shows a clear and obvious case of ineffective assistance"); *Castillo-Perez*, 212 F.3d at 525 (noting that "the requirements of *Lozada* . . . need not be rigidly enforced" when "an adequate factual basis exists in the record for an ineffectiveness complaint and . . . the complaint is a legitimate and substantial one"); *Escobar-Grijalva v. INS*, 206 F.3d 1331, 1335 (9th Cir. 2000) (explaining that a failure to comply with the *Lozada* requirements is "not dispositive" when "facts are plain on the face of the administrative record").

In this case, we face multiple claims of ineffective assistance. Like a set of nested Russian dolls, the case reveals one layer of allegedly incompetent representation after another. Ray asserts that his first attorney, Jang Im, denied him due process by failing to file his brief on appeal. Ray asserts that his second attorney, Anthony Egbase, denied him due process by failing to file his first motion to reopen in a timely fashion. Ray asserts that his third attorney, Martin Guajardo, denied him due process by failing to contest the BIA's decision to deny his first motion to reopen (or, for that matter, to do anything else).

**[3]** We find that Ray has been denied due process because of the failure of his last two attorneys, Mr. Egbase and Mr. Guajardo, to litigate his case in a timely fashion. There is no question that these two attorneys have provided assistance so poor that Ray has been "prevented from reasonably presenting his case." *Lopez*, 775 F.2d at 1017. The former dallied for several months before missing filing deadlines, neglecting filing requirements, and ultimately costing Ray the opportunity to have his first motion to reopen heard on the merits. The latter took from Ray $10,000 in fees, and the record indicates that he provided no substantive legal assistance whatsoever; in doing nothing, he condemned to failure Ray's second motion to reopen. Indeed, these attorneys have prevented Ray not only from "reasonably presenting his case," but from presenting his case *at all*. Their performance unquestionably constitutes ineffective assistance. *See Rodriguez-Lariz*, 282 F.3d at 1226 (holding that aliens "sufficiently established that their due process rights were violated" by an attorney who made "repeated representations" that he was handling their cases but "inexplicably failed to submit the applications in a timely fashion"); *Castillo-Perez*, 212 F.3d at 526 (holding that an alien was denied due process where his attorney "failed, without any reason, to timely file the application in spite of having told [the alien] that he did file it").

**[4]** There is also no question that these attorneys' actions were prejudicial. The BIA denied both the first and the second motion to reopen on purely procedural grounds, citing Ray's failure to comply with filing deadlines.[5] The BIA denied both Ray's first and second motions to reopen as untimely, and the untimeliness of these motions was the direct result of his

---

[5]The BIA argues that Ray is not entitled to relief because, even accepting his claims of ineffective assistance of counsel, Ray still failed to pursue his case by waiting over four months to file his second motion to reopen. We are unpersuaded by this argument.

We have previously recognized that equitable tolling of a deadline for a motion to reopen or reconsider is appropriate where, as here, "a petitioner is prevented from filing because of deception, fraud, or error, as long as the petitioner acts with due diligence in discovering the deception, fraud, or error." *Iturribarria*, 321 F.3d at 897; *see also Rodriquez-Lariz*, 282 F.3d at 1223-25. For example, in *Albillo-De Leon v. Gonzales*, 410 F.3d 1090 (9th Cir. 2005), we held that equitable tolling was appropriate even where an alien filed a motion to reopen nearly one year after the filing deadline had passed. We noted that the fraud perpetrated on the petitioner in *Albillo-De Leon* by his supposed "attorney" was not discovered for months despite the alien's diligent attempts to discover it. *See id.* at 1098.

As in *Albillo-De Leon*, the petitioner in this case received no assistance from the attorney he had hired to pursue his appeal; according to Ray, his attorney charged him $10,000 and then neglected to provide even minimal assistance. Ray stated in his second motion to reopen that he "assumed that Attorney Guajardo would handle" the second motion to reopen. Given that reliance, it is reasonable to infer that Ray first had reason to know of Mr. Guajardo's ineffectiveness when the 90-day filing deadline passed on December 22, 2002. After he learned of this ineffectiveness, Ray had to perform certain tasks, such as filing a complaint with the California State Bar, in order to meet the *Lozada* requirements. By February 4, 2002 — little more than a month after the deadline had passed — Ray had obtained other legal assistance, complied with all of the *Lozada* requirements, and filed his second motion to reopen. Ray therefore diligently complied with the filing deadlines, once those deadlines are tolled for the ninety-day period during which Ray reasonably believed that an attorney was advocating on his behalf. We therefore hold that the petitioner in this case, as in *Albillo-De Leon*, is entitled to equitable tolling of the filing deadlines and numerical restrictions and that his second motion to reopen is therefore entitled to consideration on the merits.

attorneys, Mr. Egbase and Mr. Guajardo, respectively. Ray "would have timely appealed but for [his] counsel[s'] errors," and he is therefore entitled to a presumption of prejudice. *Dearinger*, 232 F.3d at 1045. The government has failed to rebut this presumption of prejudice. Ray's petition for asylum provides " 'plausible grounds for relief,' " *id.* at 1046 (quoting *Jiminez-Marmolejo*, 104 F.3d at 1086), as it contains a vivid personal account of torture and persecution at the hands of Indian officials — an account that failed to win asylum only because the IJ considered it incredible. Because "the BIA could plausibly have held that [Ray] was [eligible for relief] based on the record before it," we find that the deficient performances of Mr. Egbase and Mr. Guajardo were prejudicial to Ray. *Siong*, 376 F.3d at 1038 (quoting *Singh v. Ashcroft*, 367 F.3d 1182, 1185 (9th Cir. 2004) (quoting *Rojas-Garcia v. Ashcroft*, 339 F.3d 814, 827 (9th Cir. 2003)) (second alteration in original)) (internal quotation marks omitted).

[5] Finally, we note that, as to Mr. Egbase and Mr. Guajardo, Ray has also fully satisfied the *Lozada* requirements, providing proof of his engagement with these attorneys, filing formal grievances with the California State Bar, and thereby providing notice to the attorneys of his complaints against them. We therefore conclude that Ray has satisfied all the elements necessary to establish a claim for ineffective assistance of counsel: he has demonstrated his attorneys' shockingly inadequate representation, he has shown that he is entitled to a presumption of prejudice because his attorneys' inadequate assistance denied him the opportunity to present his case at all, and he has satisfied the *Lozada* requirements. We therefore conclude that Ray was denied due process in the adjudication of his second motion to reopen.

[6] Because we find that Ray was denied due process as a result of his attorneys' deficient and detrimental performance, we hold that the BIA abused its discretion by refusing to toll the numerical and procedural bars to his second motion to reopen. *See, e.g.*, *Iturribarria*, 321 F.3d at 897; *see also*

*Rodriquez-Lariz,* 282 F.3d at 1223-25. Where, as here, an alien provides proof that he retained legal help in a timely and diligent fashion, repeatedly contacted his attorneys, paid them large sums of money for their services, and received assurances from them that they were handling his case appropriately and diligently, only to discover that these attorneys have failed to pursue his case in a timely fashion, or not at all, we believe that he is entitled to equitable tolling of the deadlines and numerical restrictions on filing a motion to reopen. Consequently, we grant the petition for review of the BIA's decision to deny his second motion to reopen.

**[7]** Moreover, because we have concluded that Mr. Egbase provided ineffective assistance, we conclude *a fortiori* that the BIA also abused its discretion by denying Ray's first motion to reopen on procedural grounds. We note that Ray retained Mr. Egbase only four days after learning that the BIA had dismissed his appeal, that for quite some time the record of the underlying immigration proceedings was unavailable because neither Ray nor Mr. Egbase was able to locate Ray's original attorney from the deportation hearing, that Ray has provided proof of numerous payments made to Mr. Egbase prior to the filing deadline, and that Mr. Egbase nonetheless took no legal action to postpone or comply with the filing deadline. In light of these facts, the BIA's dismissal of Ray's initial motion to reopen because it was "untimely filed" cannot stand.

Having concluded that the BIA abused its discretion by denying Ray's first and second motions to reopen on procedural grounds, it is necessary to address the merits of Ray's motion to reopen — that is, his claim that his first attorney, Jang Im, provided ineffective assistance of counsel by failing to file a brief in support of his appeal. The government argues that the BIA did in fact rule on the merits of Ray's asylum petition and that his appeal before us is therefore moot. In support of this argument, the government points to the BIA's cursory statement on direct appeal that "upon review of the record, we are not persuaded that the Immigration Judge's

ultimate resolution of this case was in error." We are unpersuaded that the BIA's cursory review of Ray's appeal is sufficient. Ray's "right to have a full and fair presentation of his claim included the right to have an attorney who would present a viable legal argument on his behalf." *Lin v. Ashcroft*, 377 F.3d 1014, 1025 (9th Cir. 2004). Mr. Im's purported failure to file a brief rendered the BIA's review of the merits of Ray's asylum claim incomplete; thus, the BIA's cursory decision on the merits is not valid *if* it was the product of ineffective assistance of counsel. In other words, if Mr. Im did in fact fail to file a brief on Ray's behalf, then the BIA's cursory review of the merits of Ray's appeal is insufficient because it deprived Ray of the adversarial proceeding to which he was entitled. *See id.* at 1026-27; *Siong*, 376 F.3d at 1037-38; *Dearinger*, 232 F.3d at 1045-46.

For several reasons, however, we are not convinced that we are in an appropriate position to resolve the merits of Ray's first motion to reopen regarding the allegedly deficient performance of Mr. Im. First, Ray petitions this court from the BIA's denial of his *second* motion to reopen, and our holding is limited to the conclusion that the BIA's denial of *that* motion is invalid. (We reach the issue of his *first* motion to reopen only because our finding of ineffective assistance regarding the *second* motion to reopen *necessarily undermines* the validity of the BIA's decision to deny that first motion on procedural grounds. As explained above, Egbase's ineffective assistance was the cause of Ray's procedural defaults on both the first motion and the second, and it would be nonsensical for us to find that the attorney's inadequate assistance invalidated the BIA's decision to deny the latter but not the former.) To the extent that Ray asks us to grant his first motion to reopen on the merits, we do not consider the proceedings in an appropriate procedural posture to do so because Ray does not petition us for a review *of that motion*.

Second, we are reluctant to rule on the merits of an issue that the BIA has not itself addressed. In *INS v. Ventura*, 537

U.S. 12 (2000), the Supreme Court instructed that "[g]enerally speaking, a court of appeals should remand a case to an agency for decision of a matter that statutes place primarily in agency hands." *Id.* at 16-17. The decision of whether to reopen a case is certainly one over which the BIA typically has jurisdiction. *See* 8 C.F.R. § 103.3 (2005). It is true that we have previously reached the merits of issues not yet directly decided by the BIA. *See, e.g.*, *Rodriguez-Lariz*, 282 F.3d at 1226 (deciding the merits of a motion to reopen where the BIA had denied the motion on procedural grounds). Moreover, we note that it may be appropriate for us to address the merits of purely legal claims over which the BIA claims no particular expertise and as to which we would not " 'intrude upon [a] domain which Congress has exclusively entrusted to an administrative agency.' " *Ventura*, 537 U.S. at 16 (quoting *SEC v. Chenery Corp.*, 318 U.S. 80, 88 (1943)). In this case, however, we decline to rule on the merits of a claim that involves close examination of the BIA's own appeals process, including the legal significance of the intricacies and details of Ray's notice of appeal to the BIA.[6] *See Singh v. Gonzales*, 416 F.3d 1006, 1009-13 (9th Cir. 2005) (discussing the requirements of a notice of appeal in immigration proceedings).

[8] Finally, we are unsure that the record before us presents us with enough information to resolve the underlying issue on the merits. We note Ray's claim that his attorney on appeal, Jang Im, simply failed to file a brief. We also note that the Notice of Appeal indicated that Ray was representing himself

---

[6]Ray argues that the BIA abused its discretion by denying his motion to reopen because the notice of appeal contained a list of his grievances with the IJ's decision that was sufficiently detailed to support his appeal even without a brief. *See Toquero v. INS*, 956 F.2d 193, 195 (9th Cir. 1992) (noting that a notice of appeal is sufficient to sustain an appeal when it " 'inform[s] the BIA of what aspects of the IJ's decision were allegedly incorrect and why.' " (quoting *Reyes-Mendoza v. INS*, 774 F.2d 1364, 1365 (9th Cir. 1985)). We are not in a position to make that judgment.

*pro se* when, according to Ray, he was in fact represented by counsel. If Ray's allegations are true, they would support yet another claim for ineffective assistance of counsel. However, the current record is insufficient to determine Ray's underlying claim of ineffective assistance of counsel against Mr. Im. Because we consider it inappropriate at this stage to adjudicate Ray's underlying claim of ineffective assistance of counsel against attorney Jang Im, we remand the case to the BIA for it to consider Ray's first motion to reopen on the merits.

## III.

The petitioner has had the misfortune to hire two attorneys, if not three, who have provided woefully inadequate legal assistance. At the same time, the BIA has dismissed his pleadings on procedural grounds, using the blatant errors of his attorneys to avoid addressing the merits of his complaints against them. Because these attorneys violated Ray's due process rights, we conclude that the BIA abused its discretion in denying Ray's motions to reopen on procedural grounds. On remand, the BIA shall consider the merits of Ray's underlying claim of ineffective assistance regarding Jang Im's alleged failure to file a brief on appeal. If, on remand, the BIA determines that Mr. Im provided ineffective assistance to Ray by failing to file a brief on direct appeal, it should permit Ray to file a brief in support of his appeal and should consider the merits of his direct appeal from the IJ's decision denying him asylum. The petition is **GRANTED** and the case **REMANDED** for further proceedings.