**Diego ROVERE–BIANCO; et al., Petitioners,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

**No. 04–71270.**

United States Court of Appeals, Ninth Circuit.

---

[*] The Honorable Kevin Thomas Duffy, Senior United States District Judge for Southern New York, sitting by designation.

[**] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

Argued and Submitted March 23, 2006.*

Filed July 5, 2006.

Peter L. Ashman, Esq., Las Vegas, NV, for Petitioners.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Papu Sandhu, Jennifer Keeney, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: SKOPIL, BOOCHEVER, and LEAVY, Circuit Judges.

## MEMORANDUM **

Diego Rovere–Bianco and Carolina de los Angeles Salfos de Alba, husband and wife, petition for review of the denial by the Board of Immigration Appeals ("BIA") of their motion to reopen their immigration proceedings, alleging ineffective assistance of counsel. We have jurisdiction under 8 U.S.C. § 1252(b), and we deny the petition.

We review the denial of the motion to reopen for an abuse of discretion. *See Ray v. Gonzales,* 439 F.3d 582, 586 (9th Cir.2006). Aliens in deportation proceed-

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

ings have a due process right to counsel of their own choice, which includes a right to competent representation. *See id.* at 587. This applies to a nonlawyer posing as an attorney. *See Lopez v. INS,* 184 F.3d 1097, 1100 (9th Cir.1999). To prevail, Rovere–Bianco and Salfos de Alba must show that their counsel's deficient performance prejudiced them, that is, that they had a plausible ground for relief based on the record before the BIA. *See Ray,* 439 F.3d at 587.

The record did not demonstrate a plausible ground for relief. In their application, Rovere–Bianco and Salfos de Alba stated that they requested asylum for economic reasons. This is not a ground for relief under the asylum statute, 8 U.S.C. § 1101(a)(42)(A). They claim in their motion to reopen that they fear persecution as members of a "particular social group," *see id.,* of "Argentineans who are perceived as having come from abroad." This is not a plausible ground for relief. "[A] particular social group is one united by a voluntary association, including a former association, *or* by an innate characteristic that is so fundamental to the identities or consciences of its members that members either cannot or should not be required to change it," and such a group must be "narrowly defined." *Ochoa v. Gonzales,* 406 F.3d 1166, 1170 (9th Cir. 2005) (quotations omitted). Argentineans who are perceived as having come from abroad share neither a voluntary association nor an innate characteristic, and the group is too broad to qualify as a "particularized social group" under the statute. *See id.* at 1171.

Rovere–Bianco and Salfos de Alba have not demonstrated a plausible ground for relief, and their claim of ineffective assistance of counsel therefore fails. The BIA did not abuse its discretion in denying the motion to reopen.

PETITION DENIED.

