* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

be raised in a new appeal after the entry of judgment.

White's remaining arguments on appeal are without merit.

**AFFIRMED.**

**Manuela ALMAZAN–RAMIREZ,**
**Petitioner,**

v.

**Alberto R. GONZALES, Attorney**
**General, Respondent.**

No. 04–76443.

United States Court of Appeals,
Ninth Circuit.

Submitted May 16, 2007 *.

Filed May 23, 2007.

Moises A. Aviles, Esq., Aviles & Associates, San Bernardino, CA, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Mary Jane Candaux, Esq., Joanne E. Johnson, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

R.App. P. 34(a)(2).

Before: PREGERSON, REINHARDT, and TASHIMA, Circuit Judges.

### MEMORANDUM **

Manuela Almazan–Ramirez, a native and citizen of Mexico, petitions pro se for review of the Board of Immigration Appeals' ("BIA") order denying her motion to reopen deportation proceedings in order to seek adjustment of status. We have jurisdiction pursuant to 8 U.S.C. § 1252. Reviewing for abuse of discretion, *Socop–Gonzalez v. INS*, 272 F.3d 1176, 1187 (9th Cir.2001) (en banc), we grant the petition for review and remand for further proceedings.

The BIA abused its discretion in concluding that the late filing of Almazan–Ramirez's second motion to reopen was not excused by equitable tolling. A motion to reopen is due "no later than 90 days after the date on which the final administrative decision was rendered in the proceeding sought to be reopened." 8 C.F.R. § 1003.2(c)(2). Almazan–Ramirez's representation by the counsel she alleges was ineffective extended through April 19, 2004, when the BIA dismissed her appeal regarding her first motion to reopen. On that date, the California State Bar received Almazan–Ramirez's complaint. After a reasonable period in which she retained new counsel, Almazan–Ramirez filed the motion to reopen at issue diligently on August 20, 2004, 33 days after the 90–day filing deadline. *See Ray v. Gonzales*, 439 F.3d 582, 589 n. 5 (9th Cir.2006) (applying equitable tolling where "little more than a month after the deadline had passed ... Ray had obtained other legal assistance, complied with all of the *Lozada* requirements, and filed his second motion to reopen"). Equitable tolling therefore rendered Almazan–Ramirez's motion timely.

We reject the government's contention that Almazan–Ramirez's failure to file a State Bar complaint against prior counsel before the BIA dismissed her appeal demonstrated a lack of diligence. *Cf. Lo v. Ashcroft*, 341 F.3d 934, 938 (9th Cir.2003) ("In these circumstances, the failure to file a complaint with the appropriate disciplinary authorities (*i.e.*, the State Bar) does not defeat the petitioners' ineffective assistance of counsel claim.").

As the BIA's decision was based solely on a denial of equitable tolling, we remand for consideration of Almazan–Ramirez's motion to reopen on its merits.

**PETITION FOR REVIEW GRANTED; REMANDED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.