Juan **MOYA–GARCIA; Maria Griselda Ramirez–Rivera,** Petitioners,

v.

**Eric H. HOLDER, Jr., Attorney General,** Respondent.

No. 04–74293.

United States Court of Appeals, Ninth Circuit.

Submitted May 11, 2009.*

Filed June 29, 2009.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Nadeem H. Makada, Burlingame, CA, for Petitioners.

Jeffrey J. Bernstein, Michelle E. Gorden Latour, Keith I. McManus, DOJ–U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Peter C. Meier, Sean D. Unger, Paul Hastings Janofsky & Walker, LLP, San Francisco, CA, for amicus curiae on behalf of Petitioners.

** The Honorable Louis H. Pollak, Senior United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

Before: SCHROEDER and REINHARDT, Circuit Judges, and POLLAK,** Senior District Judge.

MEMORANDUM ***

This removal proceeding, involving a claim for cancellation of removal pursuant to 8 U.S.C. § 1229b(b), has gone on far too long. The record reflects delays, late filings, and the failure to present proper documentation on the part of lawyer after lawyer. The Moyas' first attorney failed to meet with them prior to their Master Calendar hearing. The Moyas' second attorney did not timely request a continuance or timely file documentation supporting their applications for cancellation of removal. Their third attorney failed to supply documentation to the BIA sufficient to comply with the procedural requirements set forth in *Matter of Lozada,* 19 I. & N. Dec. 637 (BIA 1988). The precedent that this case most closely resembles is *Ray v. Gonzales,* 439 F.3d 582 (9th Cir. 2006). "Like a set of nested Russian dolls, this case reveals one layer of allegedly incompetent representation after another." *Id.* at 588.

The BIA erred in concluding that the Moyas had not shown ineffective assistance. In their original appeal to the BIA, the Moyas submitted an affidavit showing that they hired a particular law office to help them with their applications, and the affidavit reflects that it was the attorneys who failed to follow through with their cancellation applications, not the Moyas. *See Iturribarria v. INS,* 321 F.3d 889, 890–91 (9th Cir.2003) (explaining that it is

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

reasonable for an alien to rely on his paid representative to file the appropriate documentation). In cases such as these, where the face of the record shows obvious ineffectiveness, strict compliance with *Lozada* is not required. *Castillo–Perez v. INS*, 212 F.3d 518, 526 (9th Cir.2000).

To establish ineffectiveness, the petitioner needs to show that counsel's failure "*may* have affected the outcome of the proceedings." *Mohammed v. Gonzales*, 400 F.3d 785, 794 (9th Cir.2005) (quotation marks and citation omitted) (emphasis in original). The record before this court reflects that the Moyas' attorneys failed to timely request a continuance or timely file documentation that the Moyas believed was essential to support their applications for cancellation of removal. As a result, neither the IJ nor the BIA reviewed the extensive documentation the Moyas proffered (but which, apparently, because of counsel's ineffectiveness, is not yet part of the record) regarding their children's pervasive health problems. These failures met the *Mohammed* standard.

Petition **GRANTED** and **REMANDED**.