**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

EDWIN GEOVANI ARGUETA-
JORDAN,

          Petitioner,

    v.

ERIC H. HOLDER Jr., Attorney General,

          Respondent.

No. 07-72499

Agency No. A078-536-414

MEMORANDUM [*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 16, 2010[**]

Before:    SCHROEDER, PREGERSON, and RAWLINSON, Circuit Judges.

    Edwin Geovani Argueta-Jordan, a native and citizen of Guatemala, petitions

for review of the Board of Immigration Appeals' ("BIA") order denying his

motion to reopen removal proceedings due to ineffective assistance of counsel.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

LA/Research

We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen, and de novo claims of due process violations, including claims of ineffective assistance of counsel in immigration proceedings. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We grant the petition for review and remand.

The BIA's conclusion that Argueta-Jordan's counsel's representation before the immigration judge was sufficient is not supported by the record. *See Mohammed*, 400 F.3d at 793 (alien must demonstrate constitutionally deficient counsel and prejudice to prevail on an ineffective assistance of counsel claim). The immigration judge ("IJ") noted several ways in which counsel's performance was "shameful" and "absurd." Of particular concern, counsel failed to submit an application for adjustment of status, although petitioner's wife was a United States citizen, petitioner has an approved I-130 visa, and the IJ appears to have taken petitioner's testimony that he entered the United States legally in 1992 as credible.

This failure to present the adjustment claim to the IJ may have affected the outcome of his removal proceeding. *See Ray v. Gonzales,* 439 F.3d 582, 587 (9th Cir. 2006). We therefore grant the petition for review, and remand to the BIA.

The parties shall bear their own costs for this appeal.

**PETITION FOR REVIEW GRANTED; REMANDED**.