FILED

NOT FOR PUBLICATION

SEP 03 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JAMIE ALDOS LEONARDO, JR.,

Petitioner,

v.

ERIC H. HOLDER, JR., Attorney General,

Respondent.

No. 06-74750 and 08-71518

Agency No. A40-464-700

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted October 6, 2009
San Francisco, California

Before:    GOODWIN and PAEZ, Circuit Judges, and LEIGHTON,[**] District
           Judge.

Jamie Aldos Leonardo, Jr., a native and citizen of the Philippines, petitions

for review of an order by the Board of Immigration Appeals ("BIA") denying

---

[*]    This disposition is not appropriate for publication and may not be cited to or
by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.

[**]   The Honorable Ronald B. Leighton, United States District Judge for the
Western District of Washington, sitting by designation.

his motion to reopen as untimely and dismissing his claim of ineffective assistance of counsel. We have jurisdiction to review the BIA's denial of Petitioner's motion to reopen, pursuant to 8 U.S.C. § 1252(a)(2)(D), because an equitable tolling analysis presents a mixed question of law and fact and, in this case, the historical facts are not disputed. *Ghahremani v. Gonzales*, 498 F.3d 993, 998-99 (9th Cir. 2007). We also have jurisdiction over Petitioner's claim of ineffective assistance of counsel because it presents constitutional due process concerns. *See Ray v. Gonzales*, 439 F.3d 582, 587 (9th Cir. 2006).

We review the BIA's denial of Petitioner's motion to reopen for an abuse of discretion. *Perez v. Mukasey*, 516 F.3d 770, 773 (9th Cir. 2008). We review *de novo* claims of ineffective assistance of counsel. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005).

The BIA's decision to deny Petitioner's motion to reopen was not supported by substantial evidence. Petitioner's attorney engaged in deceitful conduct by failing to file appropriate applications for relief, and Petitioner acted with due diligence in discovering his attorney's fraudulent conduct. Thus, the BIA abused its discretion in determining that the filing deadline for Petitioner's motion to reopen should not be equitably tolled.

2

We further conclude that the BIA addressed the merits of Petitioner's ineffective assistance of counsel claim, and that it erred in finding that Petitioner's constitutional right to due process was not violated by his attorney's conduct. Petitioner's counsel failed to file applications for relief and, therefore, provided ineffective assistance. Further, Petitioner made a sufficient showing that he had plausible grounds for relief in the form of withholding of removal under 8 U.S.C. § 1231(b)(3) and withholding and deferral of removal under the United Nations Convention Against Torture ("CAT"), 8 C.F.R. §§ 1208.16(c) and 1208.17(a).

Because the BIA abused its discretion in denying the motion to reopen and erred in dismissing Petitioner's claim of ineffective assistance, we remand to the agency for a new hearing on the merits where Petitioner may seek appropriate relief from removal.

The petition for review is

**GRANTED AND REMANDED.**

*Leonardo v. Holder, Nos.* **06-74750, 08-71518**

Goodwin, Circuit Judge, dissenting:

I respectfully dissent. This court lacks jurisdiction to review a removal order for an alien convicted of an aggravated felony. 8 U.S.C. § 1252(a)(2)(C); *see Cazarez-Gutierrez v. Ashcroft*, 382 F.3d 905, 919 (9th Cir. 2004). Leonardo pled guilty to violations of California Health and Safety Code § 11378 for possession for sale of methamphetamine, an aggravated felony, because the crime involves a trafficking element. *Cazarez-Gutierrez*, 382 F.3d at 918; *see Saravia-Paguada v. Gonzales*, 488 F.3d 1122, 1125-26 (9th Cir. 2007) (recognizing that conviction under § 11378 is an aggravated felony). "An aggravated felony on a criminal record has worse collateral effects than a felony conviction simple. Under the immigration statutes . . ., *the Attorney General's discretion to cancel the removal of a person otherwise deportable does not reach a convict of an aggravated felony*." *Lopez v. Gonzales*, 549 U.S. 47, 50 (2006) (emphasis added). The administrative record also contains court documentation of multiple violations of controlled-substance laws, and the Immigration Judge ("IJ") found this by "clear and convincing evidence." Conviction of an aggravated controlled-substance felony, however, is sufficient to remove this court's jurisdiction to review Leonardo's removal order and additionally makes him ineligible for cancellation of removal, asylum, and voluntary departure.

The administrative record also contains Leonardo's immigrant visa and alien registration, on which he states that he has no spouse and further that he is single and had "never married," with his sworn signature that his statements were true and correct. Because Leonardo was married at the time, this statement was false and constituted knowing and deliberate fraud by Leonardo to gain entry into the United States. On August 29, 2006, the Board of Immigration Appeals ("BIA") dismissed Leonardo's appeal because he had abandoned his opportunity to seek cancellation of removal by failing to apply by the deadline set by the IJ *and* because he had an *aggravated felony conviction*. While he seeks to blame his attorney for missing filing deadlines or not filing, Leonardo's own aggravated-felony conviction precluded relief from his removal by the BIA. Leonardo's counsel was bad, and he was disbarred for his ineffective representation of Leonardo and other aliens, but that is a side issue. The primary reasons for Leonardo's warranted removal were his own actions of fraud and conviction of an aggravated controlled-substance felony.

On January 23, 2008, Leonardo moved to reopen his removal proceedings and faulted his attorney for ineffective representation that should qualify Leonardo for equitable tolling of the filing date. On March 18, 2008, the BIA denied Leonardo's untimely motion to reopen. Specifically, the BIA noted that equitable tolling applied only if Leonardo had been prevented from filing by fraud or error

by his attorney, *and Leonardo had acted with due diligence to discover such fraud or error*. The BIA stated that its comments were sufficient to alert Leonardo that his attorney had abandoned his application for relief, specifically its August 29, 2006, decision. Consequently, Leonardo cannot claim due diligence, because he waited *more than a year* after that decision to file his motion to reopen. Thus, Leonardo's aggravated-felony drug conviction, which was the reason for his removal, remains, and he is ineligible for relief from removal. Therefore, the BIA did not abuse its discretion by acting "arbitrarily, irrationally, or in a manner contrary to law" in denying Leonardo's untimely motion to reopen his removal proceedings. *Singh v. INS*, 213 F.3d 1050, 1052 (9th Cir. 2000) (citation and internal quotation marks omitted).

Because Leonardo's aggravated-felony drug conviction precludes withholding of removal, this court lacks jurisdiction over his petition. Accordingly, I dissent.