MEMORANDUM **
Jamie Aldos Leonardo, Jr., a native and citizen of the Philippines, petitions for review of an order by the Board of Immigration Appeals (“BIA”) denying his motion to reopen as untimely and dismissing his claim of ineffective assistance of counsel. We have jurisdiction to review the BIA’s denial of Petitioner’s motion to reopen, pursuant to 8 U.S.C. § 1252(a)(2)(D), because an equitable tolling analysis presents a mixed question of law and fact and, in this case, the historical facts are not disputed. Ghahremani v. Gonzales, 498 F.3d 993, 998-99 (9th Cir.2007). We also have jurisdiction over Petitioner’s claim of ineffective assistance of counsel because it presents constitutional due process concerns. See Ray v. Gonzales, 439 F.3d 582, 587 (9th Cir.2006).
We review the BIA’s denial of Petitioner’s motion to reopen for an abuse of discretion. Perez v. Mukasey, 516 F.3d 770, *424 773 (9th Cir.2008). We review de novo claims of ineffective assistance of counsel. Mohammed v. Gonzales, 400 F.3d 785, 791-92 (9th Cir.2005).
The BIA’s decision to deny Petitioner’s motion to reopen was not supported by substantial evidence. Petitioner’s attorney engaged in deceitful conduct by failing to file appropriate applications for relief, and Petitioner acted with due diligence in discovering his attorney’s fraudulent conduct. Thus, the BIA abused its discretion in determining that the filing deadline for Petitioner’s motion to reopen should not be equitably tolled.
We further conclude that the BIA addressed the merits of Petitioner’s ineffective assistance of counsel claim, and that it erred in finding that Petitioner’s constitutional right to due process was not violated by his attorney’s conduct. Petitioner’s counsel failed to file applications for relief and, therefore, provided ineffective assistance. Further, Petitioner made a sufficient showing that he had plausible grounds for relief in the form of withholding of removal under 8 U.S.C. § 1231(b)(3) and withholding and deferral of removal under the United Nations Convention Against Torture (“CAT”), 8 C.F.R. §§ 1208.16(c) and 1208.17(a).
Because the BIA abused its discretion in denying the motion to reopen and erred in dismissing Petitioner’s claim of ineffective assistance, we remand to the agency for a new hearing on the merits where Petitioner may seek appropriate relief from removal.
The petition for review is
GRANTED AND REMANDED.

 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.