MEMORANDUM *
Marvin Alexander Franco (Franco) petitions for review of a decision of the Board of Immigration Appeals (BIA) dismissing his appeal from the Immigration Judge’s (IJ) denial of Franco’s application for relief under the United Nations Convention Against Torture (CAT). We grant the petition and remand to the BIA.
Franco appeals only the BIA’s denial of his ineffective assistance of counsel claim. The BIA abused its discretion in denying his claim.
1. The BIA incorrectly held that Matter of Lozada, 19 I & N Dec. 637 (BIA 1988) barred Franco’s claim, despite an obvious and facial ineffectiveness by Franco’s former counsel that cannot be explained as any possible tactical consideration. Franco’s allegation that his former counsel failed to include the entire Harvard report is “plain on the face of the administrative record.” See Escobar-Grijalva v. INS, 206 F.3d 1331, 1335 (9th Cir.2000). Moreover, the portion of the report not included by Franco’s former counsel directly addressed the basis for Franco’s CAT claim. See Castillo-Perez v. INS, 212 F.3d 518, 525 (9th Cir.2000) (holding that the Lozada requirements “need not be rigidly enforced” when “an adequate factual basis exists in the record for an ineffectiveness complaint ... and the complaint is a legitimate and substantial one”). The BIA abused its discretion in determining that Franco had not met the standard for noncompliance with Matter of Lozada.
2. The BIA also applied the now-overruled Compean I standard in determining whether Franco’s former counsel failed to perform with sufficient competence. See Matter of Compean, Bangaly & J-E-C-(Compean II), 25 I & N Dec. 1, 3 (A.G.2009) (vacating Matter of Compean, Bangaly & J-E-C-(Compean I), 24 I & N Dec. 710 (A.G.2009) and directing the BIA to apply pre-Compean standards). Contrary to the government’s assertion, the BIA clearly relied on Compean’s egregious conduct standard. On remand, the BIA must consider whether Franco’s former counsel failed to “perform with sufficient competence,” Lin v. Ashcroft, 377 F.3d 1014, 1027 (9th Cir.2004), and whether “competent counsel would have acted otherwise,” Maravilla Maravilla v. Ashcroft, 381 F.3d 855, 858 (9th Cir.2004), by including the entire report in the record.
3. Finally, the BIA applied the wrong legal standard to its prejudice analysis. The BIA assessed prejudice under a standard requiring Franco to show that he would have won his CAT claim had the entire report been submitted. This approach is contrary to established case law in this circuit. See Ray v. Gonzales, 439 F.3d 582, 587 (9th Cir.2006) (holding that “prejudice is found when the performance of counsel was so inadequate that it may have affected the outcome of the proceedings”); Maravilla, 381 F.3d at 858 (holding that petitioner “need not show that [he] would win or lose on any claims.”). On remand, the BIA must determine whether submission of the entire Harvard report may have affected the outcome of proceedings.
GRANTED AND REMANDED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.