**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JAVIER BAEZA-CASTRO,<br>AKA Juan Antonio Baeza,<br>AKA Smiley Baeza,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>ERIC H. HOLDER, JR., Attorney General,<br><br>　　　　　Respondent. | Nos. 11-72520, 12-70520, 12-71120<br><br>Agency No. A074-111-136<br><br><br>MEMORANDUM* |

On Petition for Review of Orders of the
Board of Immigration Appeals

Argued and Submitted August 5, 2013
Pasadena, California

Before:　　SILVERMAN and WARDLAW, Circuit Judges, and
　　　　　CEDARBAUM,** District Judge.

Javier Baeza-Castro petitions for review of three Board of Immigration

Appeals ("BIA") orders, each denying a motion to reopen removal proceedings

---

*　　This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36-3.

**　　The Honorable Miriam Goldman Cedarbaum, Senior District Judge for the Southern District of New York, sitting by designation.

because of ineffective assistance of counsel. We have jurisdiction under 8 U.S.C. § 1252, and we grant the petitions for review of Baeza's first and second motions to reopen.

Baeza's first attorney, Nicholas DePento, missed the deadline to file an application for cancellation of removal by several weeks. The IJ denied Baeza's cancellation application on several grounds, including that it was inexcusably untimely. Baeza's second attorney, Mariana Hanna, successfully appealed the IJ's determination that Baeza had been convicted of an aggravated felony, which would have otherwise made Baeza ineligible for cancellation under 8 U.S.C. § 1229b(a)(3). However, Hanna failed to appeal the IJ's finding that the application was untimely, and the BIA affirmed the unchallenged finding that the cancellation application had been abandoned. Following the BIA's decision, Baeza was removed from the United States.

Approximately four years later, Baeza, through a third attorney, Jamahl Kersey, filed a motion to reopen the removal proceedings, alleging ineffective assistance of counsel only by DePento. The BIA denied the motion as time-barred and also held that Baeza had not complied with one of the procedural requirements of Matter of Lozada, 19 I. & N. Dec. 637 (BIA 1988). The BIA noted that it was "unclear" why Baeza did not allege ineffective assistance against Hanna, because

2

"the only factor . . . preventing [Baeza] from pursuing a claim for cancellation of removal was the failure to file a timely application for relief, a finding which Ms. Hanna did not challenge."

Baeza next filed, pro se, a second motion to reopen. He alleged that Kersey had himself provided ineffective assistance of counsel for, *inter alia*, failing to argue that Hanna had provided ineffective assistance of counsel. Baeza also addressed in his brief numerous facts related to Hanna's representation, including that Hanna never told him the outcome or basis of the BIA's decision in his appeal. The BIA denied this second motion to reopen as time- and number-barred. Baeza then filed, pro se, a third motion to reopen, alleging ineffective assistance of counsel against Hanna. The BIA denied the motion as time- and number-barred.

We find that the BIA abused its discretion in denying Baeza's second motion to reopen as untimely. In reaching this conclusion, the BIA simply relied on its earlier finding that Baeza had not adequately explained the reason for his delay in filing the first motion to reopen. The BIA did not meaningfully address Baeza's independent ineffective assistance claim against Kersey for his failure to bring what would have been a successful ineffective assistance claim against Hanna. The BIA also did not acknowledge Baeza's explanation – which Kersey failed to offer – regarding his delay in bringing the first motion.

3

The second motion to reopen made clear that Baeza's delay in bringing the first motion to reopen was itself caused by Hanna's deficient representation. See Avagyan v. Holder, 646 F.3d 672, 677 (9th Cir. 2011) ("If the ineffective assistance of an alien's counsel prevents him from timely filing a motion to reopen, counsel has prevented the alien from reasonably presenting his case and denied him due process."). Hanna never informed Baeza about the outcome of his appeal. After his removal, Baeza called Hanna's office from Mexico to "receive an explanation and instructions" regarding his immigration proceedings. He was told by Hanna's assistant that he could re-enter the United States using his legal identification documents. After following this advice, Baeza again called Hanna to schedule a meeting, but Hanna's assistant told him "not to worry," that Hanna "will handle all the matters," and that "there is no need for a meeting." Hanna did not return his phone calls and was not at the office when Baeza went to meet her there. Finally, he was "assured no other [i]mmigration issues remained pending." That Hanna had effectively abandoned Baeza is further evidenced by the fact that she did not file any motion to seek relief from the BIA's decision – such as a motion to reopen based on DePento's ineffective assistance. Baeza was deprived of the opportunity to present argument in a timely motion to reopen, or otherwise, and was therefore prejudiced. See Singh v. Holder, 658 F.3d at 887 (presumption

4

of prejudice where attorney "failed to timely file the motion to reopen that was a prerequisite for applying for adjustment of status"). Baeza also would have plausibly been entitled to relief, as he would have then been eligible for cancellation under 8 U.S.C. § 1229b.

The government argues that Baeza was on notice of his ineffective assistance claim against DePento as early as February 2007, when he heard the IJ explain that the application was untimely. However, Baeza also heard the IJ explicitly state that Baeza was "represented by competent counsel." This statement would have left a reasonable person in Baeza's situation with the impression that the mistake did not rise to the level of ineffective assistance. The government also argues that Baeza was on notice when he was removed. However, the untimeliness of his application was not the sole basis for the IJ's decision, and in fact, was not even the issue that Hanna briefed on appeal to the BIA. Because Hanna never informed Baeza of the BIA's decision – even after he inquired about the status of his case – he could not have known that his removal turned solely on the fact that DePento had not timely filed the application for cancellation. A petitioner need only act with "due" or "reasonable" diligence in discovering his claim, "in the context of his . . . particular circumstances." Avagyan, 646 F.3d at 679. "We cannot penalize" Baeza "for reasonably relying on the advice of counsel, even if

5

that counsel turns out to have been incompetent or predatory." Id.

In sum, the BIA's decision to deny Baeza's second motion to reopen was an abuse of discretion. It follows, then, that the basis for the BIA's denial of the first motion to reopen as untimely is undermined. Cf. Ray v. Gonzales, 439 F.3d 582, 590-91 (9th Cir. 2006) ("[O]ur finding of ineffective assistance regarding the second motion to reopen necessarily undermines the validity of the BIA's decision to deny that first motion on procedural grounds.").

Because we hold that the first motion to reopen should be treated as timely filed, we reach two additional conclusions made by the BIA in denying that motion. First, the BIA's conclusion that Baeza's first motion to reopen did not comply with Lozada is inconsistent with our precedent. The Lozada requirements are not sacrosanct, "especially when the record shows a clear and obvious case of ineffective assistance." Rodriguez-Lariz v. INS, 282 F.3d 1218, 1227 (9th Cir. 2002). We have held that Lozada compliance is unnecessary where an attorney's ineffectiveness is demonstrated by failing to timely file an application. See id.; Castillo-Perez v. INS, 212 F.3d 518, 525 (9th Cir. 2000). Neither judgment or discretion is involved when an attorney fails to meet a deadline, and such a failure is a clear default. Second, the BIA erred in apparently speculating or assuming that Baeza learned the outcome of his BIA appeal shortly after its decision. Baeza's

6

affidavit submitted on the first motion to reopen – drafted by Kersey and which Baeza states he did not completely understand – was vague on this point, stating only that Baeza "later" learned that he would have been eligible for cancellation of removal but for the untimeliness of his application. This only supports Baeza's claim of ineffective assistance against Kersey, given the importance of explaining the reasons for the delayed filing.

Because Baeza represented himself on both the second and third motions to reopen, he cannot argue that ineffective assistance warrants tolling the time- or number-bar for his third motion to reopen. In any event, the petition for review of the denial of his third motion is moot because we grant review of his other petitions, which seek the same relief. Cf. Castillo-Perez, 212 F.3d at 528.

The petitions in Nos. 11-72520 and 12-70520 are **GRANTED**. We remand to the BIA to consider as timely Baeza's motion to reopen his removal proceedings based on the ineffective assistance of counsel provided by DePento. The petition in No. 12-71120 is **DENIED** as moot.