**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HARIDAS CHAKRABORTY, AKA Harry,<br><br>　　　　Petitioner,<br><br>v.<br><br>LORETTA E. LYNCH, Attorney General,<br><br>　　　　Respondent. | No. 13-74426<br><br>Agency No. A200-576-325<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 14, 2015[**]

Before:　　SILVERMAN, BYBEE and WATFORD, Circuit Judges.

Haridas Chakraborty, a native and citizen of Bangladesh, petitions for

review of the Board of Immigration Appeals' ("BIA") order denying his motion to

reopen. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of

discretion denials of motions to reopen and reconsider. *Mohammed v. Gonzales*,

---

　　[*]　　This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

　　[**]　　The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

400 F.3d 785, 791 (9th Cir. 2005). We deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in denying Chakraborty's motion to reopen, based on ineffective assistance of counsel, where Chakraborty has not established plausible grounds for relief. *See Ray v. Gonzales*, 439 F.3d 582, 587 (9th Cir. 2006) (to prevail on a claim of ineffective assistance of counsel based on failure to file a brief to the BIA, a petitioner must "demonstrate plausible grounds for relief on his underlying claim" (citation omitted)); 8 U.S.C. § 1229c(a)(4) (aliens arriving in the United States are ineligible for pre-conclusion voluntary departure); *Bona v. Gonzales*, 425 F.3d 663, 667-68 (9th Cir. 2005) (rejecting contention that petitioner was not an "arriving alien" where alien had been paroled).

We lack jurisdiction to consider Chakraborty's unexhausted contentions that he is eligible for post-conclusion voluntary departure and that the immigration judge failed to advise him about voluntary departure. *See Tijani v. Holder*, 628 F.3d 1071, 1080 (9th Cir. 2010) (the court lacks jurisdiction to consider legal claims not presented in an alien's administrative proceedings before the agency).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

13-74426