**Gurpreet SINGH, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

Nos. 03–74503, 05–74675.

United States Court of Appeals, Ninth Circuit.

Submitted April 18, 2007 *.

Filed May 9, 2007.

Ajai Mathew, Esq., Law Office of Manpreet Singh Gahra, Berkeley, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA,

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Marshall Tamor Golding, Esq., Richard M. Evans, Esq., Marion E. Guyton, Esq. U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: THOMPSON, KLEINFELD, and THOMAS, Circuit Judges.

## MEMORANDUM **

Gurpreet Singh, a native and citizen of India, petitions for review of two Board of Immigration Appeals ("BIA") decisions: (1) the summary affirmance of the Immigration Judge's ("IJ") decision denying asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"); and (2) the denial of his motion to reopen based on ineffective assistance of prior counsel. We review claims of ineffective assistance of counsel de novo, *Dearinger ex rel. Volkova v. Reno*, 232 F.3d 1042, 1044–45 (9th Cir.2000), factual findings for substantial evidence, *Lata v. INS*, 204 F.3d 1241, 1244 (9th Cir.2000), and denial of a motion to reopen for abuse of discretion, *Iturribarria v. INS*, 321 F.3d 889, 894 (9th Cir.2003). We have jurisdiction under 8 U.S.C. § 1252, and we affirm the IJ's denial of asylum, withholding of removal, and relief under CAT, and the BIA's denial of Singh's motion to reopen.

Because Singh's previous attorney, Randhir Kang, failed to file an appellate brief with our court, we initially dismissed his petition for review for failure to prosecute on November 29, 2004. However, based on Kang's ineffective assistance, on April 12, 2005, we granted Singh's motion to reinstate his petition for review. Because the BIA summarily affirmed the IJ's decision without opinion, we review the IJ's decision as the final agency determination. *Halaim v. INS*, 358 F.3d 1128, 1131 (9th Cir.2004). We take Singh's testimony as true because the IJ made no explicit adverse credibility finding. *Mansour v. Ashcroft*, 390 F.3d 667, 671–72 (9th Cir.2004).

■ Substantial evidence supports the IJ's denial of Singh's asylum petition because Singh failed to establish either past persecution or a well-founded fear of future persecution, on account of a protected ground. *See* 8 C.F.R. § 1208.13(b); *INS v. Elias–Zacarias*, 502 U.S. 478, 481–82, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). Singh has shown neither that he holds an affirmative political opinion nor that the police persecuted him because they imputed his father's political opinion to him. *See Navas v. INS*, 217 F.3d 646, 656 (9th Cir.2000); *Sangha v. INS*, 103 F.3d 1482, 1489–90 (9th Cir.1997).

Although Singh contends that the IJ neglected to address whether he was persecuted on account of his membership in a particular social group, *i.e.*, his family, remand to the BIA for consideration of this issue in the first instance is not necessary. *Cf. Gonzales v. Thomas*, 547 U.S. 183, 126 S.Ct. 1613, 1615, 164 L.Ed.2d 358 (2006) (per curiam). Even if kinship ties, under certain circumstances, constitute membership in a particular social group, Singh failed to establish past persecution on this ground.

■ Singh also failed to establish an objectively reasonable well-founded fear of future persecution. As the IJ found, conditions in the Punjab region of India have changed considerably since Singh's depar-

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

ture in 1995. The State Department reports and other documents in the administrative record relate that the ethnic strife and separatist violence that existed from the early 1980s to the mid–1990s have ended and that many members of the Sikh political parties now have been elected to office. *See* 8 C.F.R. § 1208.13(b)(2)(iii); *cf. Knezevic v. Ashcroft,* 367 F.3d 1206, 1213 (9th Cir.2004). Additionally, the IJ found that Singh's father, as well as the rest of Singh's family, has chosen to remain in the Punjab to take care of the family farm. *See Hakeem v. INS,* 273 F.3d 812, 816 (9th Cir.2001); *Aruta v. INS,* 80 F.3d 1389, 1395 (9th Cir.1996).

Because Singh fails to establish eligibility for asylum, he necessarily fails to meet the more stringent standard for withholding of removal. *See Alvarez–Santos v. INS,* 332 F.3d 1245, 1255 (9th Cir.2003). Singh also fails to establish eligibility for CAT relief because he did not show it was more likely than not that he would be tortured if he returned to India. See 8 C.F.R. § 1208.16(c)(2); *Malhi v. INS,* 336 F.3d 989, 993 (9th Cir.2003).

■ Although Singh met the procedural hurdles necessary to establish an ineffective assistance of counsel claim, *see Matter of Lozada,* 19 I. & N. Dec. 637, 639, 1988 WL 235454 (BIA 1988),[1] the BIA did not abuse its discretion in denying Singh's motion to reopen on that ground because the motion was untimely and, in any event, Singh failed to establish prejudice.

Even if we were to apply equitable tolling of the 90–day filing period prescribed by 8 C.F.R. § 1003.2(c)(2), *see Iturribarria,* 321 F.3d at 897, Singh's motion to reopen was untimely. Equitable tolling

would have ended on January 31, 2005, when Singh received a copy of his case file from Kang. Singh waited, however, until May 19, 2005, 108 days later, to file his motion to reopen.

■ But even if we were to regard the motion to reopen as sufficiently timely, Singh failed to establish prejudice—that Kang's performance "was so inadequate that it may have affected the outcome of the proceedings." *Iturribarria,* 321 F.3d at 899–900 (internal quotation marks omitted). While Kang's failure to file appellate briefs with the BIA and with our court entitles Singh to a presumption of prejudice, that presumption is rebutted because Singh has not shown that his claims are viable and has not demonstrated "plausible grounds for relief" on any of them. *Ray v. Gonzales,* 439 F.3d 582, 587 (9th Cir.2006).

**AFFIRMED.**

---

1. We grant Singh's motion for judicial notice of attorney Randhir Kang's disbarment from practice before our court, *In re Kang,* No. 04–80059 (9th Cir. Nov. 28, 2005) (order), and the BIA, *see* http://www.usdoj. gov/ eoir/press/06/ AttyDiscMay06.htm. *See also* Fed.R.Evid. 201; *Biggs v. Terhune,* 334 F.3d 910, 915 n. 3 (9th Cir.2003).

