**Jose Mariano OLVERA–SEGOVIANO; Gabriela Olvera, Petitioners,**

v.

**Peter D. KEISLER,* Attorney General, Respondent.**

No. 06–70621.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 24, 2007.**

Filed Sept. 27, 2007.

Jan Joseph Bejar, Esq., San Diego, CA, for Petitioners.

District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Erika Johnson–Brooks, Esq., Office of the U.S. Attorney Civil & Tax Divisions, Los Angeles, CA, Ronald E. Le-Fevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: CANBY, TASHIMA, and RAWLINSON, Circuit Judges.

---

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* Peter D. Keisler is substituted for his predecessor, Alberto R. Gonzales, as Acting Attorney

General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

** The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

 

## MEMORANDUM ***

Jose Mariano Olvera–Segoviano and his wife Gabriela Olvera, natives and citizens of Mexico, petition for review of the Board of Immigration Appeals' ("BIA") order denying their motion to reconsider, which alleged ineffective assistance of counsel. Pursuant to the REAL ID Act of 2005, we construe Petitioners' transferred habeas petition as a petition for review, and we have jurisdiction under 8 U.S.C. § 1252. *See Martinez–Rosas v. Gonzales,* 424 F.3d 926, 928–29 (9th Cir.2005). Reviewing for abuse of discretion, *Mohammed v. Gonzales,* 400 F.3d 785, 791 (9th Cir.2005), we deny the petition for review.

The BIA was within its discretion in denying Petitioners' motion to reconsider because the motion failed to identify any error of fact or law in the BIA's prior decision affirming the Immigration Judge's order deeming their applications for cancellation of removal abandoned. *See* 8 C.F.R. § 1003.2(b)(1); *Socop–Gonzalez v. INS,* 272 F.3d 1176, 1180 n. 2 (9th Cir. 2001) (en banc).

Although the BIA should have construed Petitioners' motion as a motion to reopen alleging ineffective assistance of counsel, *see Ray v. Gonzales,* 439 F.3d 582, 585 n. 3 (9th Cir.2006) (claims of ineffective assistance require the introduction of new facts, and are properly raised in a motion to reopen, not a motion to reconsider), the error is immaterial because the BIA correctly determined Petitioners cannot demonstrate prejudice. Petitioners presented no evidence to the BIA that former counsel's ineffective assistance may have affected the ultimate outcome of their claims.

*See Iturribarria v. INS,* 321 F.3d 889, 901–02 (9th Cir.2003) (ineffective assistance of counsel claim fails where petitioner cannot demonstrate prejudice).

## PETITION FOR REVIEW DENIED.

---

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

