**Kulwinder KAUR, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

**Nos. 05–70400, 05–73897.**

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 26, 2008.\*

Filed March 13, 2008.

Martin Roy Robles, Esq., Law Office of Martin Resendez Guajardo, P.C., San Francisco, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Mary Jane Candaux, Esq., Arthur L. Rabin, Esq., DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: BEEZER, FERNANDEZ, and McKEOWN, Circuit Judges.

MEMORANDUM **

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

In these consolidated petitions, Kulwinder Kaur, a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") order denying her motion to reopen deportation proceedings based on ineffective assistance of counsel (05–70400), and its subsequent order denying her motion to reconsider (05–73897). We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for abuse of discretion the BIA's denial of a motion to reopen or reconsider. *Mohammed v. Gonzales,* 400 F.3d 785, 791 (9th Cir.2005). We deny the petitions for review.

In No. 05–70400, the BIA did not abuse its discretion when it determined that Kaur's motion to reopen exceeded the numerical limitations. *See* 8 C.F.R. § 1003.2(c)(2) (a party may file only one motion to reopen removal proceedings).

In No. 05–73897, although the BIA should have construed Kaur's motion as a motion to reopen alleging ineffective assistance of counsel, *see Ray v. Gonzales,* 439 F.3d 582, 585 n. 3 (9th Cir.2006) (claims of ineffective assistance require the introduction of new facts, and are properly raised in a motion to reopen, not a motion to reconsider), the error is immaterial because the BIA correctly determined that Kaur failed to comply with the requirements set forth in *Matter of Lozada,* 19 I. & N. Dec. 637, 639 (BIA 1988). *See Rojas–Garcia v. Ashcroft,* 339 F.3d 814, 824 (9th Cir.2003) (for the BIA to grant a motion to reopen based on ineffective assistance of counsel, petitioner must: (1) provide an affidavit describing agreement with counsel in detail; (2) inform counsel of the allegations and afford counsel an opportunity to respond; and (3) report whether a complaint of ethical or legal violations has been filed with the proper authorities and if not, why not).

**PETITIONS FOR REVIEW DENIED.**