**Alexis DONOSO–ORTIZ, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 05–76575.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 17, 2008.*

Filed Dec. 26, 2008.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Nakissa Sedaghat, Law Offices of Shawn Sedaghat, Encino, CA, Shawn Sedaghat, Esq., Law Offices of Shawn Sedaghat, Hollywood, CA, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, David V. Bernal, Attorney, Anthony P. Nicastro, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: GOODWIN, TROTT, and RYMER, Circuit Judges.

MEMORANDUM **

Alexis Donoso–Ortiz, a native and citizen of Chile, petitions for review of the Board of Immigration Appeals' ("BIA") order denying his motion to reopen based on ineffective assistance of counsel. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen. *Lo v. Ashcroft*, 341 F.3d 934, 937 (9th Cir.2003). We grant the petition for review and remand.

■ The BIA abused its discretion in denying Donoso–Ortiz's motion for failure to comply with the requirements of *Matter of Lozada*, 19 I. & N. Dec. 637 (BIA 1988), in his claim of ineffective assistance by his third attorney. Donoso–Ortiz substantially complied with the *Lozada* requirements by submitting a detailed affidavit, evidence that notice was given to the attorney, and his reason for not filing a disciplinary complaint against the attorney. *See Lo,* 341 F.3d at 937–38 (strict compliance not required where petitioner sufficiently explained absence of bar complaint and *Lozada's* policy goals to discourage baseless claims and collusion were met); *see also Ray v. Gonzales,* 439 F.3d 582, 588 (9th Cir.2006).

■ The BIA also abused its discretion in denying the motion on the ground that Donoso–Ortiz's evidence was, or should have been, previously available. The record establishes that the bases for Donoso–Ortiz's claims of ineffective assistance by

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

his second and third attorneys were not readily apparent until shortly before he filed the motion on review, due to the alleged ineffective assistance of these attorneys. *See Iturribarria v. INS,* 321 F.3d 889, 895–96 (9th Cir.2003) (motion to reopen requirements met where evidence of ineffective assistance was not "as a practical matter discoverable" until petitioner reviewed case with his new counsel).

█ The BIA abused its discretion in denying the motion on the ground that the claim of ineffective assistance regarding Donoso–Ortiz's third attorney lacked merit because Donoso–Ortiz's first motion to reopen was untimely and he could not "cure an untimely motion with a second motion." The BIA's reasoning fails to acknowledge that a "finding of ineffective assistance regarding the *second* motion to reopen [would] *necessarily undermine* [ ] the validity of the BIA's decision to deny that first motion on procedural grounds." *Ray,* 439 F.3d at 591.

█ Finally, the BIA erred in denying the motion as time- and number-barred without addressing Donoso–Ortiz's contention that equitable tolling should apply. *See Singh v. Gonzales,* 416 F.3d 1006, 1015 (9th Cir.2005).

We therefore grant the petition for review and remand for the BIA to consider equitable tolling and, if appropriate, the merits of Donoso–Ortiz's motion to reopen.

**PETITION FOR REVIEW GRANTED; REMANDED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.