**Narinder KAUR, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

only, and not CMB.

**Narinder Kaur, Petitioner,**

v.

**Michael B. Mukasey, Attorney General, Respondent.**

**Vikram Singh, Petitioner,**

v.

**Michael B. Mukasey, Attorney General, Respondent.**

Nos. 04–73034, 07–70964, 07–70965.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 18, 2008.

Filed Jan. 7, 2009.

Christopher John Stender, Esquire, Stender & Lappin, San Diego, CA, for Petitioner.

Erica Miles, DOJ–U.S. Department of Justice, Washington, DC, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: CANBY and WARDLAW, Circuit Judges, and TRAGER,* District Judge.

## MEMORANDUM **

Narinder Kaur and her son, Vikram Singh,[1] natives and citizens of India, petition for review of two decisions of the Board of Immigration Appeals ("BIA"): (1) a 2004 decision affirming an Immigration Judge's ("IJ") 2002 finding of adverse credibility as to Kaur and denial of her application for asylum, withholding of removal, relief under the Convention Against Torture ("CAT"), and voluntary departure; and (2) a 2007 denial of Kaur's motion to reopen on the ground of ineffective assistance of counsel.[2] To the extent we have jurisdiction, it is pursuant to 8 U.S.C. § 1252(a). We review the BIA's denial of a motion to reopen for abuse of discretion, but review purely legal questions, such as due process claims, de novo. *Iturribarria v. INS*, 321 F.3d 889, 894 (9th Cir.2003). We grant the petition for review as to the motion to reopen and remand.

---

* The Honorable David G. Trager, Senior United States District Judge for the Eastern District of New York, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3. MICHAEL B. MUKASEY, Attorney General, Respondent.

1. Kaur's application included Singh as a derivative beneficiary. See 8 U.S.C. § 1158(b)(3).

2. In a separate decision, the BIA granted the motion to reopen as to Singh and issued a final order vacating the 2004 decision but incorporating by reference the text of that decision. Because we grant Kaur's petition and remand to the BIA for further proceedings, we do not reach the merits of Singh's direct appeal.

■ **1.** The BIA abused its discretion in rejecting Kaur's request for equitable tolling of the ninety-day filing deadline. *See* 8 C.F.R. § 1003.2(c)(2); *see also Iturribarria*, 321 F.3d at 897 (stating that equitable tolling is available "when a petitioner is prevented from filing [a motion to reopen] because of deception, fraud, or error, as long as the petitioner acts with due diligence in discovering the deception, fraud, or error"); *Socop–Gonzalez v. INS*, 272 F.3d 1176, 1193 (9th Cir.2001) ("[T]he party invoking tolling need only show that his or her ignorance of the limitations period was caused by circumstances beyond the party's control...."). Kaur sought equitable tolling on the ground that the delay in filing was due to the ineffective assistance of her former counsel, Randhir S. Kang, whom we disbarred from practice before our circuit on November 28, 2005.[3] Once Kaur discovered Kang's ineffective assistance, she acted with due diligence to secure new counsel and to seek review of her case.[4] In light of the circumstances, Kaur was entitled to equitable tolling. *See Iturribarria*, 321 F.3d at 897–99; *Albillo–De Leon v. Gonzales*, 410 F.3d 1090, 1099–1100 (9th Cir.2005).

■ **2.** The BIA also abused its discretion in dismissing Kaur's ineffective assistance claim for failure to comply with the procedural requirements set forth in *Matter of Lozada*, 19 I. & N. Dec. 637 (BIA 1988). Because the facts establishing Kaur's ineffective assistance of counsel claim "are plain on the face of the administrative record," her failure to meet the *Lozada* requirements is not fatal. *Escobar–Grijalva v. INS*, 206 F.3d 1331, 1335 (9th Cir.2000); *see Rodriguez–Lariz v. INS*, 282 F.3d 1218, 1226–27 (9th Cir. 2002). Moreover, because it would have been futile for Kaur to inform Kang of the accusations or to give him an opportunity to respond, her failure to satisfy this requirement does not bar her ineffective assistance of counsel claim. *See Morales Apolinar v. Mukasey*, 514 F.3d 893, 897 (9th Cir.2008).

■ **3.** Finally, the BIA abused its discretion in concluding that Kaur did not demonstrate "the necessary prejudice resulting from the ineffective assistance of Kang that would establish a due process violation." The BIA erred as a matter of law in requiring Kaur to show "that the alleged ineffectiveness *affected* the outcome of the proceedings" (emphasis added). *See Maravilla Maravilla v. Ashcroft*, 381 F.3d 855, 858–59 (9th Cir.2004) (holding that the BIA abused its discretion by weighing the evidence of prejudice under

---

**3.** In its order denying Kaur's motion to reopen, the BIA took judicial notice of our disbarment of Kang. *See In re Randhir S. Kang, Esq.*, No. 04–80059 (9th Cir. Nov. 28, 2005) (order).

**4.** Kaur's present counsel, Teresa Salazar, filed the motion to reopen on July 3, 2006, less than two weeks after giving notice of her appearance. Although Martin Resendez Guajardo filed notice of appearance as new counsel for Kaur on December 20, 2005, he had not received a copy of the Administrative Record ("AR") from the agency as of May 3, 2006. Moreover, he withdrew as counsel on June 23, 2006. Although the record is silent as to why Guajardo did not receive the AR

earlier and why he withdrew, he may also have provided ineffective assistance. *See* State Bar of California: Martin Resendez Guajardo, http://members.calbar.ca.gov/search/member_detail. aspx?x=75605 (listing disciplinary actions and stating current status as "Not Eligible to Practice Law"); *see also Guajardo v. Mukasey*, No. C 08–1929 PJH, 2008 WL 1734517, at *1 (9th Cir. Apr. 11, 2008) (order) (discussing the resignation of "Martin Resendez Guajardo" on account of disciplinary misconduct); *Ray v. Gonzales*, 439 F.3d 582, 586 (9th Cir.2006) (discussing the ineffective assistance of "Martin Guajardo"). In any event, the fault does not lie with Kaur. *See Socop-Gonzalez*, 272 F.3d at 1193.

an unduly stringent standard). Kaur was required to show only that Kang's performance was "so inadequate that it *may have affected* the outcome of the proceedings." *Iturribarria*, 321 F.3d at 899–900 (emphasis added) (internal quotation marks omitted); *see Mohammed v. Gonzales*, 400 F.3d 785, 794 (9th Cir.2005) ("[The petitioner] must demonstrate only that she has *plausible* grounds for relief."); *Lin v. Ashcroft*, 377 F.3d 1014, 1027 (9th Cir.2004) ("We need not conclude that [the petitioner] would win or lose on any claims, only that his claims merit full consideration by the BIA.").

Kaur demonstrated that she has—at the very least—*"plausible* grounds for relief." *Mohammed*, 400 F.3d at 794. Specifically, Kaur demonstrated that Kang's brief to the BIA was deficient in four ways, each of which "may have affected" the outcome of the proceedings.[5] First, Kang failed to challenge the IJ's ruling that Kaur's asylum claim was barred by one-year rule. Second, he failed to challenge the IJ's denial of Kaur's request for voluntary departure. Third, he made only a few generalized, conclusory, and somewhat incoherent statements about the IJ's adverse credibility finding.[6] An effective attorney might have successfully argued that the findings do not go to the heart of Kaur's asylum claim, *see Li v. Ashcroft*, 378 F.3d 959, 962 (9th Cir.2004), are based on improper speculation, *see Shah v. INS*, 220 F.3d 1062, 1071 (9th Cir.2000), or relate to conduct that was "incidental" to Kaur's claim of persecution, *Akinmade v. INS*,

196 F.3d 951, 956 (9th Cir.1999), among other issues.[7] Although the BIA stated in its decision denying the motion to reopen that it had "fully considered the issue of credibility" on direct appeal, it failed to recognize that such consideration may have been obscured by Kang's ineffective assistance. Finally, the brief prepared by Kang did not address Kaur's eligibility for withholding of removal or relief under CAT. That such an omission "may have affected" the outcome is evidenced by the government's first brief before us, which argues that Kaur "has waived or abandoned review of [withholding of removal and relief under CAT] because she failed to adequately challenge the agency's denial of her applications in her appeal brief to the BIA and in her opening brief to this Court."

4. Because the BIA abused its discretion in denying Kaur's motion to reopen, we grant the petition for review as to this decision and remand. We do not reach Kaur's petition for review of the BIA's 2004 decision. On remand, the BIA shall allow Kaur, with the benefit of effective counsel, to file a brief in support of her direct appeal from the IJ's decision denying her relief and shall reconsider the merits of her direct appeal. We also instruct the BIA to reconsider the timeliness bar as to Kaur's asylum claim in light of *Khunaverdiants v. Mukasey*, 548 F.3d 760 (9th Cir.2008). If, on remand, the BIA determines that *Khunaverdiants* does not apply and that Kaur's claim is time-barred, it should consider whether Kaur's son, Singh,

---

5. Kaur does not take issue with Kang's representation before the IJ. We therefore limit our review accordingly.

6. For example, the brief to the BIA states that "the IJ did not specifically pointed [sic] out any specific inconsistencies in the declaration and oral testimony of respondent instead the IJ and [sic] based his decision on minor in-

consistencies and denied the case of the respondent."

7. While we do not reach the merits of Kaur's petition, *see INS v. Ventura*, 537 U.S. 12, 16–17, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam), we note these potential problems to illustrate how an effective attorney might have made the difference.

nevertheless has a valid asylum claim in light of *Himri v. Ashcroft,* 378 F.3d 932, 936 (9th Cir.2004) (stating that the one-year filing requirement does not apply to minors).

**PETITION GRANTED; REMANDED** for further proceedings.