**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| JAVIER JOSE URBINA; MORAVIA JOSAFINA URBINA, <br><br> Petitioners, <br><br> v. <br><br> ERIC H. HOLDER Jr., Attorney General, <br><br> Respondent. | No. 06-74791 <br><br> Agency Nos.    A075-770-744 <br> A075-770-745 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted on August 30, 2010
Pasadena, California

Before: KOZINSKI, Chief Judge, O'SCANNLAIN and GOULD, Circuit Judges.

Petitioners seek review of the Board of Immigration Appeals' ("BIA") 2006

denial of their motion to reopen their cancellation of removal application. Because

their underlying claim of ineffective assistance of counsel was not exhausted

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule R. 36-3.

before the BIA, we dismiss for lack of jurisdiction. *See* 8 U.S.C. § 1252(d)(1); *Barron v. Ashcroft*, 358 F.3d 674, 677 (9th Cir. 2004).

Petitioners assert that the BIA abused its discretion by not considering their claim that they were prejudiced by ineffective assistance of counsel in their direct appeal before that body. Despite the notation on petitioners' brief that it was filed "in Pro Per," they now argue that the record on representation is ambiguous and that this ambiguity counsels us to remand to the BIA to determine the issue in the first instance, pursuant to *Ray v. Gonzales*, 439 F.3d 582, 584, 591 (9th Cir. 2006).

Here, unlike the detailed documentation of counsel's ineffectiveness submitted on the motion to reopen in *Ray*, petitioners only stated in their motion that a notary, who had earlier provided them with attorneys to represent them before the Immigration Judge ("IJ"), had told them she would handle the direct appeal that they ultimately lost. An assertion of having sought assistance from a notary falls short of alerting the BIA that petitioners were raising an ineffective assistance of counsel argument. Petitioners' motion to reopen explicitly stated that they were "NOT claiming that the IJ's finding of lack of presence was the result of ineffective assistance of counsel." It then contested the legal analysis the IJ employed to make that finding. Petitioners did not exhaust their claim that counsel provided ineffective assistance on direct appeal.

2

Petitioners likewise did not exhaust their request for reinstatement of voluntary departure in their motion to reopen. We therefore do not have jurisdiction to review the BIA's silence on this issue. *See Garcia v. Ashcroft*, 368 F.3d 1157, 1159 (9th Cir. 2004) (order).

**PETITION DISMISSED.**