**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HECTOR OVIDIO PEREZ; et al., | No. 07-71762 |
| Petitioners, | Agency Nos. A070-916-975 |
| v. | A095-186-031 |
| | A072-403-940 |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Affairs

Submitted March 18, 2011[**]
San Francisco, California

Before: WALLACE, NOONAN, and CLIFTON, Circuit Judges.

Lead petitioner Hector Ovidio Perez and derivative petitioners Maria del

Rosario Ramirez and Waldemar Perez Vasquez petition for review of decisions of

the Board of Immigration Appeals denying their application for asylum,

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

withholding of removal and protection under the Convention Against Torture. Petitioners also seek review of the BIA's decision denying a motion to reopen based on a claim of ineffective assistance of counsel. We deny the petition for review.

The BIA's decision to deny asylum, withholding of removal and protection under the Convention Against Torture must be upheld if "supported by reasonable, substantial, and probative evidence on the record considered as a whole." *Molina-Estrada v. INS*, 293 F.3d 1089, 1093 (9th Cir. 2002). The BIA's decision not to reopen the application is reviewed for abuse of discretion. *INS v. Doherty*, 502 U.S. 314, 323-24 (1992).

Perez did not have personal contact with the guerrillas by whom he claims he was persecuted. He presented no evidence to establish the guerrillas' motives for wanting to harm him. An imputed political opinion must be proven through facts in evidence that show the persecutor's motives. *See Navas v. INS*, 217 F.3d 646, 657 (9th Cir. 2000) (applicant must present "*some* evidence, direct or circumstantial" that the acts of persecution were motivated by one of the protected grounds) (quoting *INS v. Elias-Zacarias*, 502 U.S. 478, 483 (1992); *see also Sangha v. INS*, 103 F.3d 1482, 1487 (9th Cir. 1997) ("The petitioner must prove something more than violence plus a disparity of views"). Perez's membership in

2

the Guatemalan civil patrol and his ranking as the patrol's commissioner do not suffice to show an imputed political opinion. *Arriaga-Barreinetos*, 937 F.2d 411, 414 (9th Cir. 1991) (mandatory service in the Guatemalan military did not demonstrate imputed political opinion). Additionally, since Perez failed to produce any evidence to show that he would likely be tortured by, or through the acquiescence of the Guatemalan government, he is ineligible for protection under the Convention Against Torture. *See Zheng v. Ashcroft*, 332 F.3d 1186, 1194 (9th Cir. 2003) (holding that to qualify for protection under the convention against torture, an alien must show that he will more likely than not be tortured in his home country if removed).

Finally, the failure of Perez's attorney to inform him of derivative petitioner Ramirez's receipt of Temporary Protected Status had no bearing on Perez's application for asylum, withholding of removal and protection under the Convention Against Torture. *See Ray v. Gonzalez*, 439 F.3d 582, 588 (9th Cir. 2006). The attorney's error also did not prejudice Ramirez, who, in receipt of her new status, was no longer deportable. *See* 8 CFR §1244.10(f)(2)(i).

**PETITION DENIED.**