**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARIA NANCY REYNOSO AVILA, | No. 10-70796 |
| Petitioner, | Agency No. A095-297-277 |
| v. | MEMORANDUM[*] |
| ERIC H. HOLDER, Jr., Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 8, 2014[**]
Pasadena, California

Before: BRIGHT,[***] FARRIS, and HURWITZ, Circuit Judges.

Maria Nancy Reynoso-Avila petitions for review of the BIA's denial of her

motion to reopen her removal proceedings. We have jurisdiction under 8 U.S.C.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Myron H. Bright, Senior Circuit Judge for the U.S. Court of Appeals for the Eighth Circuit, sitting by designation.

§ 1252, *see Alcala v. Holder*, 563 F.3d 1009, 1014 (9th Cir. 2009), and review for abuse of discretion, *Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1150 (9th Cir. 2010) (per curiam). We deny the petition.

Reynoso-Avila's motion to reopen would normally have been number- and time-barred: it was her second motion to reopen, and was filed far more than 90 days after the BIA dismissed her appeal of the IJ's removal order. 8 C.F.R. § 1003.2(c)(2). Although the pertinent regulation sets out several exceptions to the numerical and time limitations, none apply here. *See id.* § 1003.2(c)(3).

Reynoso-Avila contends that the limitations should be equitably tolled since she was denied due process by her attorney's ineffective assistance in failing to assert a claim for withholding of removal. *See Ray v. Gonzales*, 439 F.3d 582, 590 (9th Cir. 2006). This argument fails: even if her counsel performed deficiently, Reynoso-Avila did not suffer prejudice. *See Ahmed v. Mukasey*, 548 F.3d 768, 771 (9th Cir. 2008).

Counsel's performance could not have affected the outcome of the proceedings since Reynoso-Avila has not shown plausible grounds for relief on her claim for withholding of removal. *See Alcala v. Holder*, 563 F.3d 1009, 1020 (9th Cir. 2009). Although Reynoso-Avila argues that she suffered persecution in Mexico based on her membership in the group of "defenseless children in a

2

household who were severely abused both physically and emotionally by a controlling and overbearing parent," this group does not qualify as a "particular social group" under the Immigration and Nationality Act. 8 U.S.C. § 1231(b)(3)(A); *see also* 8 C.F.R. § 1208.16; *Tamang v. Holder*, 598 F.3d 1083, 1091 (9th Cir. 2010). The characteristic of being a child in an abusive household is neither immutable, nor "so fundamental to the identities or consciences of [the group's] members that they . . . should not be required to change it." *Donchev v. Mukasey*, 553 F.3d 1206, 1215 (9th Cir. 2009).

Reynoso-Avila presents this Court with an alternative formulation of her social group: "Maria and the female siblings of her family who were also abused by their mother." However, Reynoso-Avila did not argue to the BIA that she was persecuted on account of her membership in this group. Thus, this Court lacks jurisdiction to consider the issue. *See Vargas v. U.S. Dep't of Immigration & Naturalization*, 831 F.2d 906, 907-08 (9th Cir. 1987).

Finally, although Reynoso-Avila argues that she would be entitled to withholding of removal on humanitarian grounds, this issue was also not raised to the BIA. Thus, we lack jurisdiction to consider it. *See id.*

**PETITION FOR REVIEW DENIED.**

3