NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

APR 13 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| HUIYAN CHEN, | No. 16-72427 |
| Petitioner, | Agency No. A205-190-818 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 11, 2018**

Before:    SILVERMAN, PAEZ, and OWENS, Circuit Judges.

Huiyan Chen, a native and citizen of China, petitions for review of the Board

of Immigration Appeals' ("BIA") order dismissing her appeal from an immigration

judge's ("IJ") order denying her motion to reopen. We have jurisdiction under 8

U.S.C. § 1252. We review de novo questions of law. *Mohammed v. Gonzales*, 400

F.3d 785, 791-92 (9th Cir. 2005). We grant the petition for review and remand.

---

\*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*        The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

The BIA erred in determining that Chen did not establish prejudice resulting from her former counsel's failure to timely file a notice of appeal. *See Ray v. Gonzales*, 439 F.3d 582, 587 (9th Cir. 2006) (applying a presumption of prejudice where petitioner's counsel failed to file an appeal). Although the BIA properly concluded that Chen is entitled to a rebuttable presumption of prejudice, the BIA reasoned that the presumption was rebutted, and Chen therefore did not show prejudice, because she failed to allege that the outcome of her case might have been different had counsel timely filed a notice of appeal. But Chen only needed to demonstrate plausible grounds for asylum and related relief in order to show prejudice. *See id.* at 589 (presumption of prejudice was not rebutted because petitioner's personal account of persecution at the hands of government officials showed plausible grounds for asylum, despite IJ's adverse credibility determination); *Singh v. Ashcroft*, 367 F.3d 1182, 1189 (9th Cir. 2004) (presumption of prejudice is not rebutted if a petitioner is able to show plausible grounds for relief).

Accordingly, we grant the petition for review and remand for the BIA to determine whether Chen demonstrated plausible grounds for relief.

**PETITION FOR REVIEW GRANTED; REMANDED.**