NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

OCT 16 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| MNADIRUZZAMAN SHAMEEM, | No.    14-73937 |
| Petitioner, | Agency No. A077-302-685 |
| v. |  |
| JEFFERSON B. SESSIONS, III, Attorney General, | MEMORANDUM* |
| Respondent. |  |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 12, 2018**
Pasadena, California

Before:  WATFORD and OWENS, Circuit Judges, and ZIPPS,*** District Judge.

The Board of Immigration Appeals (BIA) dismissed Mnadiruzzaman

Shameem's appeal in December 2011.  Shameem filed a timely petition for review

---

*    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

***    The Honorable Jennifer G. Zipps, United States District Judge for the District of Arizona, sitting by designation.

in this court, which was dismissed after his prior attorney failed to file a brief. A year and a half later, Shameem filed a motion to reopen his administrative appeal, which the BIA denied as time barred. *See* 8 U.S.C. § 1229a(c)(7)(C); 8 C.F.R. § 1003.2(c)(2). We have jurisdiction to review the BIA's denial of an untimely motion to reopen. *See* 8 U.S.C. § 1252; *Mata v. Lynch*, 135 S. Ct. 2150, 2154–55 (2015).

**1.** The BIA did not abuse its discretion by denying Shameem's motion to reopen, which alleged ineffective assistance of counsel, on procedural grounds. *See Ray v. Gonzales*, 439 F.3d 582, 590 (9th Cir. 2006). To the extent that Shameem contends that his attorney rendered ineffective assistance during proceedings before the Immigration Judge (IJ), he failed to exhaust that claim before the BIA. *See Liu v. Waters*, 55 F.3d 421, 424 (9th Cir. 1995). His exhausted claim—that his prior attorney should have introduced independent evidence of past persecution on appeal to the BIA—fails on the merits. Even if we put aside the fact that he does not identify what evidence his attorney failed to present, Shameem cannot make the necessary showing of prejudice. *See Rodriguez-Lariz v. INS*, 282 F.3d 1218, 1226 (9th Cir. 2002). Additional evidence of persecution would not have undermined the IJ's adverse credibility determination, which was supported by Shameem's knowing use of a fraudulent newspaper article. *See Khadka v. Holder*, 618 F.3d 996, 1001 (9th Cir. 2010).

**2.** The BIA has the authority to determine the scope of its discretion to hear claims of ineffective assistance that arise after a removal order becomes final. *See In re Compean*, 25 I. & N. Dec. 1, 3 (A.G. 2009). Here, the BIA permissibly declined to consider alleged ineffective assistance that occurred "in the course of judicial proceedings" in this court because Shameem had the opportunity to file (and in fact did file) a timely petition for review.

Shameem's motion to take judicial notice is **DENIED**. *See Fisher v. INS*, 79 F.3d 955, 963 (9th Cir. 1996) (en banc).

**PETITION FOR REVIEW DENIED**.