NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

MAY 11 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ANA MARIA GONZALEZ,

Petitioner,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

Nos.  17-71358
         17-73148

Agency No. A070-969-666

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 7, 2020**

Before:      GRABER, TALLMAN, and CLIFTON, Circuit Judges.

Ana Maria Gonzalez, a native and citizen of Guatemala, petitions for review

of the Board of Immigration Appeals' ("BIA") order dismissing her appeal from an

immigration judge's ("IJ") decision denying her application for asylum,

withholding of removal, relief under the Convention Against Torture ("CAT"), and

cancellation of removal (petition No. 17-71358), and the BIA's order denying her

---

*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**        The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

motion to reconsider its prior opinion and motion to reopen removal proceedings based on ineffective assistance of counsel (petition No. 17-73148). Our jurisdiction is governed by 8 U.S.C. § 1252. We review de novo questions of law, *Cerezo v. Mukasey*, 512 F.3d 1163, 1166 (9th Cir. 2008), except to the extent that deference is owed to the BIA's interpretation of the governing statutes and regulations, *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004). We review for substantial evidence the agency's factual findings. *Garcia-Milian v. Holder*, 755 F.3d 1026, 1031 (9th Cir. 2014). We review for abuse of discretion the denial of a motion to reopen or reconsider. *Toor v. Lynch*, 789 F.3d 1055, 1059 (9th Cir. 2015). We deny the petition for review in No. 17-71358, and we deny in part and dismiss in part the petition for review in No. 17-73148.

As to petition No. 17-71358, the agency did not err in concluding that, even assuming that Gonzalez could establish past persecution, Gonzalez's resignation more than twenty years ago from the National Police before she left Guatemala constituted a fundamental change in circumstances sufficient to rebut any well-founded fear of future persecution. *See* 8 C.F.R. § 208.13(b)(1)(i)(A); *Gonzalez-Hernandez v. Ashcroft*, 336 F.3d 995, 997–99 (9th Cir. 2003). In addition, substantial evidence supports the agency's determination that Gonzalez failed to establish that she was at risk of persecution because of her status as a former police officer. *Cf. Cruz-Navarro v. INS*, 232 F.3d 1024, 1029 (9th Cir. 2000). Thus,

2

Gonzalez's asylum claim fails. And, because she has failed to establish eligibility for asylum, Gonzalez necessarily fails to establish eligibility for withholding of removal. *See id.* at 1031.

Substantial evidence supports the agency's denial of CAT relief because Gonzalez failed to show that it is more likely than not she will be tortured by or with the consent or acquiescence of the government if returned to Guatemala. *See Garcia-Milian*, 755 F.3d at 1033–35. We reject Gonzalez's contentions that the agency failed to consider the evidence of the beating she suffered before resigning from the National Police or otherwise erred in its legal analysis. *See Najmabadi v. Holder*, 597 F.3d 983, 990 (9th Cir. 2010) (agency need not write an exegesis on every contention); *Fernandez v. Gonzales*, 439 F.3d 592, 603 (9th Cir. 2006) (petitioner did not overcome the presumption that the BIA reviewed the record).

As to petition No. 17-73148, the BIA did not abuse its discretion in finding that Gonzalez failed to substantially comply with the threshold requirements for establishing ineffective assistance of counsel set forth in *Matter of Lozada*, 19 I. & N. Dec. 637 (BIA 1988). *See Reyes v. Ashcroft*, 358 F.3d 592, 597 (9th Cir. 2004) (explaining that, under ordinary circumstances, the BIA does not abuse its discretion when it denies a motion to reopen based on alleged ineffective assistance of counsel where the petitioner fails to meet the requirements of *Lozada*). And although "we have not hesitated to address ineffective assistance of

3

counsel claims even when an alien fails to comply strictly with *Lozada*," *Ray v. Gonzales*, 439 F.3d 582, 588 (9th Cir. 2006), the record here does not "show[] a clear and obvious case of ineffective assistance," *Rodriguez-Lariz v. INS*, 282 F.3d 1218, 1227 (9th Cir. 2002).

To the extent that Gonzalez is challenging the BIA's denial of her motion to reconsider, the BIA did not abuse its discretion because her motion failed to identify any error of fact or law in the prior order. *See* 8 C.F.R. § 1003.2(b)(1).

Gonzalez's contention that the agency lacked jurisdiction because the initial notice to appear omitted the date and time of her hearing is foreclosed by *Karingithi v. Whitaker*, 913 F.3d 1158, 1160–62 (9th Cir. 2019).

Gonzalez fails to challenge, and therefore waives our review of, the BIA's denial of her request for administrative closure. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079–80 (9th Cir. 2013) (issues not specifically raised and argued in a party's opening brief are waived).

We lack jurisdiction to consider Gonzalez's contentions that the BIA had a duty to review sua sponte the IJ's denial of her request for cancellation of removal or to advise her to apply for adjustment of status, as those contentions were not raised to the agency. *See Barron v. Ashcroft*, 358 F.3d 674, 677–78 (9th Cir. 2004) (court lacks jurisdiction to review claims not presented to the agency).

No. 17-71358: **PETITION FOR REVIEW DENIED.**

4

No. 17-73148:  **PETITION FOR REVIEW DENIED in part;**

**DISMISSED in part.**