NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

SEP 16 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ALI BEN MOHAMED HENDAOUI, Petitioner, v. MERRICK B. GARLAND, Attorney General, Respondent. | No. 19-72873 Agency No. A077-976-595 MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 6, 2021[**]
Pasadena, California

Before: D.M. FISHER,[***] WATFORD, and BUMATAY, Circuit Judges.

Ali Hendaoui, a native and citizen of Tunisia, petitions for review of the Board

of Immigration Appeals' (BIA's) denial of his motion to reopen his immigration

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable D. Michael Fisher, United States Circuit Judge for the U.S. Court of Appeals for the Third Circuit, sitting by designation.

proceedings after he was ordered to be removed. We have jurisdiction under 8 U.S.C. § 1252(a)(1) and 28 U.S.C. § 2342. We deny the petition.

We review the BIA's denial of a motion to reopen for abuse of discretion, its legal determinations de novo, and its factual findings for substantial evidence. *Hamazaspyan v. Holder*, 590 F.3d 744, 747 (9th Cir. 2009) (citation omitted).

1. The Immigration Judge and BIA had jurisdiction over Hendaoui's case. Contrary to Hendaoui's argument, that fact is not changed by *Pereira v. Sessions*, 138 S. Ct. 2105 (2018), or *Niz-Chavez v. Garland*, 141 S. Ct. 1474 (2021). *Pereira* and *Niz-Chavez* deal solely with the stop-time rule of 8 U.S.C. § 1229b(d)(1) and the notice to appear requirements of 8 U.S.C. § 1229(a). *Karingithi v. Whitaker*, 913 F.3d 1158, 1161 (9th Cir. 2019); *Niz-Chavez*, 141 S. Ct. at 1479. The stop-time rule is not at issue here. And, as we explained in *Karingithi*, the Immigration Court's jurisdiction is not controlled by § 1229(a), but by immigration regulations. 913 F.3d at 1158-59 (citing 8 C.F.R. §§ 1003.13, 1003.14, 1003.15). Under the jurisdictional regulations, a notice to appear like the one Hendaoui received—which says the date and time of the hearing are "To Be Set"—vests jurisdiction in the Immigration Court. *Id.* at 1159-60.

2. Hendaoui challenges the BIA's denial of his motion to reopen based on changed country conditions in Tunisia. An alien may exceed the normal time and number limitations for motions to reopen (one motion within ninety days) if he seeks

2

to reopen based on changed country conditions. 8 C.F.R. § 1003.2(c)(3)(ii). The motion must be supported by evidence showing "a reasonable likelihood that the statutory requirements for [asylum or withholding] have been satisfied." *Salim v. Lynch*, 831 F.3d 1133, 1139 (9th Cir. 2016) (internal quotation marks omitted).

The BIA reasonably determined that even if atheists are persecuted in Tunisia, Hendaoui did not show that he is an activist who would be targeted. The only evidence of Hendaoui's activism was printouts from his Facebook account showing that he made two statements critical of or indifferent toward religion, and that he "liked" and "followed" a group called "Atheists United." The BIA credited Hendaoui's testimony that he had received online death threats—but because the threats were not in evidence, it could not determine their frequency and seriousness. Therefore, Hendaoui did not adequately link his evidence of conditions in Tunisia to his own "particular circumstances"; rather, he showed only a "general, undifferentiated claim based solely on the threat to the group." *Najmabadi v. Holder*, 597 F.3d 983, 992 (9th Cir. 2010) (internal quotation marks and citation omitted). That does not entitle him to relief. *Id.*

Hendaoui argues that because the BIA did not make "an explicit adverse credibility finding, we must assume that [his] factual contentions are true." *Kataria v. INS*, 232 F.3d 1107, 1114 (9th Cir. 2000). However, the Supreme Court has abrogated that rule. *Garland v. Dai*, 141 S. Ct. 1669, 1676-77 (2021). In any event,

the BIA did assume that his testimony was true—and ruled against him anyway, in a reasoned opinion supported by substantial evidence.

The BIA must give "reasoned consideration" to "highly probative or potentially dispositive evidence." *Cole v. Holder*, 659 F.3d 762, 772 (9th Cir. 2011). Expert conclusions are not dispositive, however, if they are undermined by other aspects of the record. *See Zheng v. Holder*, 644 F.3d 829, 836 (9th Cir. 2011). Here, the BIA considered and cited to the expert's report. The BIA reasonably declined to accept the expert's opinion that Hendaoui may be persecuted, tortured, or killed, because that opinion does not comport with the expert's own description of country conditions, news articles, or the State Department's Religious Freedom Report.

3. Hendaoui argues that the BIA abused its discretion in denying his motion to reopen based on the ineffective assistance of counsel. If Hendaoui could meet the test for ineffective assistance of counsel, we would remand and the agency would reopen the proceedings to consider his request for asylum, withholding, and protection under the Convention Against Torture. *See Ray v. Gonzales*, 439 F.3d 582, 592 (9th Cir. 2006). But the BIA held (in the course of ruling on Hendaoui's changed-country-conditions claim, prepared by his new counsel) that he did not make out a prima facie case for these forms of relief.

In his motion to reopen, Hendaoui was required to "state the new facts that will be proven at a hearing . . . if the motion is granted" and support the facts with

4

"affidavits or other evidentiary material." 8 C.F.R. § 1003.2(c)(1). Therefore, the case for relief that Hendaoui would make on remand is contained in his moving papers, which the BIA has already considered. If we were to remand, "neither the result nor the BIA's basic reasoning would change." *Singh v. Barr*, 935 F.3d 822, 827 (9th Cir. 2019). We do not remand if doing so "would be an idle and useless formality," because we do not wish to "convert judicial review of agency action into a ping-pong game." *Id.* (quoting *NLRB v. Wyman-Gordon Co.*, 394 U.S. 759, 766 n.6 (1969)). Therefore, Hendaoui's ineffective assistance argument fails.

**DENIED.**