NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

APR 17 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

CARLOS GONZALEZ-BENITEZ,

Petitioner,

v.

TODD BLANCHE, Acting Attorney
General,

Respondent.

Nos. 17-72643; 18-71411

Agency No.
A095-750-320

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 15, 2026[**]
Pasadena, California

Before: CALLAHAN, BUMATAY, and TUNG, Circuit Judges.

In this consolidated appeal, Petitioner Carlos Gonzalez-Benitez seeks review

of two decisions by the Board of Immigration Appeals (BIA): (1) a September 13,

2017 order denying Petitioner's request to reopen and remand removal proceedings

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

to the Immigration Judge (IJ) on grounds that Petitioner allegedly received ineffective assistance of counsel and that he should be allowed to pursue special rule cancellation of removal under 8 U.S.C. § 1229b(b)(2); and (2) an April 18, 2018 order denying Petitioner's motion to reconsider the BIA's 2017 order and to reopen removal proceedings. We have jurisdiction to review final orders of removal issued by the BIA under 8 U.S.C. § 1252, and we deny the petition.

1.     We begin with the BIA's 2017 order, taking each of its three justifications in turn. First, the BIA did not abuse its discretion in holding that Petitioner failed to satisfy the procedural requirements for raising an ineffective-assistance-of-counsel claim. A party seeking to reopen removal proceedings on that basis generally must comply with the procedural requirements set forth in *Matter of Lozada*, 19 I&N Dec. 637 (BIA). *See Melkonian v. Ashcroft*, 320 F.3d 1061, 1072 (9th Cir. 2003). *Lozada* requires "that a petitioner alleging ineffective assistance of counsel must: (1) provide an affidavit describing in detail the agreement with counsel; (2) inform counsel of the allegations and afford counsel an opportunity to respond; and (3) report whether a complaint of ethical or legal violations has been filed, and if not, why." *Id*. These requirements are meant to "ensur[e] that a legitimate claim actually exists and develop[] an adequate factual basis for the BIA to adjudicate the claim." *Ray v. Gonzales*, 439 F.3d 582, 588 (9th Cir. 2006). "We presume, as a general rule, that the Board does not abuse its discretion when it

obligates petitioners to satisfy *Lozada*'s literal requirements." *Reyes v. Ashcroft*, 358 F.3d 592, 597 (9th Cir. 2004); *see also Melkonian*, 320 F.3d at 1072.

The BIA did not abuse its discretion in finding that Petitioner failed to satisfy the requirements set forth in *Lozada* because "he did not give his prior counsel an opportunity to respond . . . before allegations were presented to the Board." Petitioner first alleged he received ineffective assistance of counsel in his January 18, 2017, notice of appeal to the BIA. Yet he waited nearly two months to file a complaint with the California State Bar. A copy of that complaint was delivered to his former counsel on March 20, 2017. Three days later, on March 23, 2017, Petitioner filed his motion to reopen and remand, claiming ineffective assistance of counsel. The BIA reasonably determined that three days was not enough time to permit prior counsel to respond and explain the choices he made in representing Petitioner.

2. Second, the BIA did not abuse its discretion in declining to excuse Petitioner's non-compliance with *Lozada*. When the "facts are plain on the face of the administrative record, the requirements of *Lozada* are not dispositive[.]" *Castillo-Perez v. I.N.S.*, 212 F.3d 518, 525 (9th Cir. 2000) (internal quotation marks omitted). The BIA reasonably concluded that this standard was not met because prior counsel made a reasonable, strategic decision to base a hardship claim on Petitioner's wife's mental-health struggles, and thus any ineffective-assistance-of-

counsel claim was not plain on the face of the record.

3.     Third, the BIA did not abuse its discretion in holding that Petitioner failed to establish a prima facie eligibility for special rule cancellation of removal. "A prima facie case is established when 'the evidence reveals a reasonable likelihood that the statutory requirements for relief have been satisfied.'" *Garcia v. Holder*, 621 F.3d 906, 912 (9th Cir. 2010) (quoting *Ordonez v. I.N.S.*, 345 F.3d 777, 785 (9th Cir. 2003)). Under 8 U.S.C. § 1229b(b)(2), a battered spouse may apply for a special form of cancellation of removal. To demonstrate eligibility for special rule cancellation of removal, a petitioner must show that the petitioner has been battered or subjected to extreme cruelty by an eligible partner. 8 U.S.C. § 1229b(b)(2)(A)(i). Additionally, the petitioner must show (among other things) that "removal would result in extreme hardship to the alien, the alien's child, or the alien's parent." 8 U.S.C. § 1229b(b)(2)(A)(ii)–(v); *see also* 8 C.F.R. § 1240.58(b) (providing that "an applicant must demonstrate that deportation would result in a degree of hardship beyond that typically associated with deportation"); 8 C.F.R. §1240.20. The BIA reasonably concluded that Petitioner failed to show "extreme hardship."

4.     For the same reasons, the BIA did not abuse its discretion in denying Petitioner's motion to reconsider the BIA's 2017 order denying relief. In Petitioner's motion for reconsideration, he raised no error of law or fact in the BIA's 2017 order with respect to Petitioner's ineffective-assistance-of-counsel claim. Nor

did the BIA abuse its discretion in finding that Petitioner still failed to establish prima facie eligibility for special rule cancellation of removal. Although Petitioner submitted new evidence in his motion for reconsideration pertaining to the hardships he would face if deported—potential separation from his wife and various financial impacts—none are beyond what would typically be associated with deportation.

**PETITIONS FOR REVIEW DENIED.**[1]

---

[1] Petitioner's motion to stay removal (17-72643, Dkt. No. 1) is DENIED. The temporary stay of removal entered pursuant to General Order 6.4(c) is lifted, effective immediately.